GEORGE A. VEBER'S (dependent's) CASE.

Suffolk. March 8, 1916. — May 16, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act,* Dependency. *Husband and Wife.*

A married woman, who at the time of her husband's death was living apart from him merely on account of his inability to obtain and perform sufficiently remunerative work to provide a home for his wife and child, cannot be found to have been living apart from him for justifiable cause within the meaning of St. 1914, c. 708, § 3 (*a*) in the amendment of § 7 of St. 1911, c. 751, Part II.

Where in the presentation of a claim under the workmen's compensation act by the alleged dependent widow of an employee who at the time of his death was living apart from him by reason of his inability to provide a home for his wife

and child, it appears that the employee during a married life of more than twelve years paid doctors' bills, grocery bills, bought clothes for the child and gave money to his wife amounting in all to between $200 and $300, it is the duty of the Industrial Accident Board to determine in accordance with the fact under St. 1911, c. 751, Part V, § 2 and under the last paragraph of Part II, § 7 (c) as amended by St. 1914, c. 708, § 3, whether the widow was dependent upon her husband at the time of the injury that caused his death.

PIERCE, J. On October 13, 1914, the deceased employee met his death through an injury in the course of and arising out of his employment. He was married on March 16, 1902, and left a widow and a child about thirteen years of age. During the entire period of his married life he was a desultory common laborer.

There was no evidence that he was addicted to vice, cruel in his conduct, or that he refused or neglected to furnish and provide for his wife adequate support so far as he was able to do so. The husband and wife lived together at the home of the mother of the husband, or at that of the mother of the wife, from the time of their marriage until May, 1903. During this period the husband sometimes earned $5 per week and their board and at other times only their board.

Between 1903 and 1910 he worked on farms, in quarries, in stables, on the State roads and in cutting ice, as he got jobs in one town or another for short periods of time. During this time the husband and wife sometimes lived together for two or three months "at her mother's, his mother's, his sister's or his uncle's." They never hired a house or a tenement, and sometimes did not see each other for a month. They lived together for five weeks in 1911; the month of June, 1912; a week in August, 1913, and a month one winter at Pittsfield. In March, 1914, the husband came to the house of his mother and had dinner with them. In April, 1914, the wife went to work at Onset and remained until September 22, 1914. When she arrived home her mother told her that her husband had been there and wanted her, his wife, to go to Chester and live with him. The last time the wife saw the husband was on September 30, 1914, when she was hurrying to a train.

During the years of their married life, he paid doctors' bills, grocery bills, bought clothes for the child, and gave money to his wife aggregating between $200 and $300.

Upon the evidence, all of which is reported, the Industrial Accident Board ruled that, at the time of his death, the wife was living

apart from her husband for justifiable cause, and the insurer appealed. See *Herrick's Case*, 217 Mass. 111; *Fisher's Case*, 220 Mass. 581.

This ruling cannot be sustained. It is clear that the inability of the husband to obtain and to perform sufficiently remunerative permanent work was the cause of his failure to provide a home for his wife and child, and that their living apart was chargeable to his mental and physical deficiencies and characteristics and not to his wilful neglect. The case at bar is governed by *Newman's Case*, 222 Mass. 563. In consideration of the evidence that the husband paid doctors' bills, grocery bills, bought clothes for the child, and gave money to his wife aggregating between $200 and $300, the Industrial Accident Board should have determined as a fact whether the widow was dependent upon her husband at the time of his death under St. 1911, c. 751, Part V, § 2, and Part II, § 7 (c) as amended by St. 1914, c. 708, § 3.

The case is to be recommitted to the Industrial Accident Board, where the widow may move for a hearing and the introduction of further evidence. If the motion is granted, and upon further hearing dependency to any extent in fact shall be made to appear, the case should be considered anew. Otherwise, a finding must be made in favor of the insurer.

*So ordered.*

*C. D. Driscoll,* for the insurer.

*L. F. Hardy & G. W. Gordon,* for the dependent widow, submitted a brief.