KANASOVICH *v.* QUINCY MINING CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EVIDENCE INSUFFICIENT TO SUSTAIN AWARD.

Where, on certiorari to review an award under the workmen's compensation act, there is no evidence in the record to support a finding by the department of labor and industry that plaintiff's disability from blood poisoning was due to a scratch on his finger received during the course of his employment, the award is vacated.[1]

Certiorari to Department of Labor and Industry. Submitted April 8, 1925.     (Docket No. 30.)     Decided May 14, 1925.

Andrew Kanasovich presented his claim for compensation against the Quincy Mining Company for an accidental injury in defendant's employ.     From an order awarding compensation, defendant brings certiorari.     Reversed, and order vacated.

*Swaby L. Lawton,* for appellant.

*B. H. T. Burritt,* for appellee.

CLARK, J.     On December 20, 1923, plaintiff's finger was scratched and the skin broken while he was employed in defendant employer's mine.     On December 26th, there was swelling in his hand, arm and shoulder.     He went to a physician, who gave treatment for nearly a month.     At the hearing, the physician testified that the scratch had not caused, and had no connection with, the diseased condition of plaintiff, that he found no extension of poison from the finger by lymph canals or otherwise, no hemolytic

---

[1]Workmen's Compensation Acts, C. J. § 131.

or straight form streptococci; but found an abscess condition in the armpit, which gradually spread downward in the arm, a non-hemolytic form of streptococci.

Late in January, plaintiff went to another physician who found blood poisoning, that the straight form hemolytic streptococci were present. But both physicians agree that this infection had developed within 48 hours of the time of the examination. In this record there is no evidence by the physicians or by others to support a finding that plaintiff's disability was due to the scratch.

Therefore the award is vacated.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.