ECKMAN *v.* DAVIDSON ORE MINING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT.
     Finding of department of labor and industry, if sustained by
     evidence, must stand.

2. SAME—PARTIAL DEPENDENCY—ANNUAL EARNINGS FACTOR OF
   AWARD.
     Order of department denying award to sister of deceased em-
     ployee for partial dependency under workmen's compensation
     act (2 Comp. Laws 1915, § 5435, as amended), was proper,
     in absence of any evidence as to annual earnings of deceased
     at time of injury, a necessary factor under the statute, al-
     though there was some evidence that sister was partially de-
     pendent on deceased.

Certiorari to Department of Labor and Industry.
Submitted October 24, 1930. (Docket No. 65, Calen-
dar No. 35,218.)   Decided December 2, 1930.

Lillie Eckman presented her claim for compensa-
tion against Davidson Ore Mining Company for the
accidental death of her brother, Elmer Eckman,
while in defendant's employ.  From an order deny-
ing compensation, plaintiff brings certiorari.  Af-
firmed.

*Derham & Derham,* for plaintiff.

*M. S. McDonough,* for defendant.

CLARK, J.  Elmer Eckman, a young single man,
suffered a fatal accidental injury arising out of and
in the course of his employment with defendant.
His mother, Anna Eckman, claimed compensation,
and, on September 25, 1928, had an award for par-

tial dependency, $8 a week for 300 weeks. No appeal was taken. On December 22, 1928, plaintiff, Lillie Eckman, sister of deceased, daughter of Anna, filed application for adjustment of claim for compensation. The deputy commissioner made award denying compensation. On appeal the award was affirmed by the commission. Plaintiff brings certiorari, and contends the evidence conclusively shows total dependency and that the commission was in error in declining to find accordingly.

Plaintiff and her mother lived on a small farm which had belonged to the father, who died several years before the accident. It is referred to as "their" farm. It was not productive except for a few acres of hay. They were unable to pay taxes. The mother was in poor health. Plaintiff lived with her to care for her. Elmer provided for them to some extent, perhaps as much as $45 per month, perhaps much less. There is evidence that during the last months of his life he sent little or nothing, the mother procured necessaries on credit, and paid the bills from proceeds of a life insurance policy Elmer had carried for her benefit. They had what benefit they got from living on the farm and there is evidence that they had goods and supplies not provided by Elmer and for which he was not responsible. There is some evidence to sustain the finding and it therefore stands.

The commission did find partial dependency, but held the evidence insufficient to permit an award of compensation. The statutory rule for computing compensation is 2 Comp. Laws 1915, § 5435, as amended:

"If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury, the weekly compensation to be paid as

aforesaid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury.''

This presents a problem in simple proportion where three factors must be known, as pointed out in *Finney* v. *City of Croswell,* 220 Mich. 637, and *La Londe* v. *Jennison Hardware Co.,* 219 Mich. 194.

One of these factors is annual earnings of deceased at time of injury.

Of this the commission said:

''There is not a scintilla of evidence in this record as to the annual earnings of Elmer Eckman, the decedent.  We may not take his weekly wage at the time he was injured, as stated in the report $27.90, and multiply that by 52, and thus arrive at the annual earnings.  There must be some proof from which it may be determined as a fact what the actual annual earnings were for the year preceding the employee's death in order to determine partial dependency.  Partial dependency is determined under section 5, pt. 2, of the act, and not under section 11. *La Londe* v. *Jennison Hardware Co., supra.*  On account of the absence of any proof as to the annual earnings of the decedent, no award can be made to the plaintiff for partial dependency.''

The record sustains the statement.
Affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.