WOODBURN v. OLIVER MACHINERY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—QUESTIONS REVIEWABLE.

In reviewing award of compensation under workmen's compensation act, Supreme Court is limited to consideration of questions of law.

2. SAME—EVIDENCE RAISING PRESUMPTION OF COMPENSABLE ACCIDENT SUFFICIENT TO SUSTAIN AWARD.

Where there was evidence sufficient to raise presumption that night watchman's death resulted from injury arising out of and in course of his employment, Supreme Court cannot say that there was no evidence to sustain award of compensation by department of labor and industry, although no one saw accident resulting in injury to head which testimony · shows might have caused death.

Appeal from Department of Labor and Industry. Submitted January 8, 1932. (Docket No. 90, Calendar No. 36,124.)   Decided March 2, 1932.   Rehearing denied June 6, 1932.

Minnie A. Woodburn presented her claim against Oliver Machinery Company, employer, and Metals Mutual Insurance Company, insurer, for an injury alleged to have caused her husband's death while in defendant's employ.   Award to plaintiff affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Francis D. Campau,* for defendants.

POTTER, J.  Plaintiff, widow of George E. Woodburn, deceased, sought an award of compensation by the department of labor and industry against defendant Oliver Machinery Company for the death

On appellate court as limited to a review of questions of law, see annotation in L. R. A. 1917D, 188.

of her husband.   Metals Mutual Insurance Company was insurer on the risk.   There was an award of compensation and defendants appeal.   There is no dispute that plaintiff is the widow of George E. Woodburn, deceased; that prior to and at the time of the death of George E. Woodburn he was employed by the Oliver Machinery Company.   The questions in the case are whether there is any proof of an accident, and whether there is proof or presumption of accidental injury to deceased arising out of and in the course of his employment.   We are limited to a consideration of the questions of law.   The sole question of law is whether there is any evidence to sustain the award of the department of labor and industry.   Plaintiff says there was such evidence, and defendant insists there was not.   Deceased, in his lifetime, was employed as night watchman in the factory of the Oliver Machinery Company of Grand Rapids.   It was his duty to clean up the factory, make his rounds as night watchman, keep a fire under the boilers and keep water in them, perform the usual duties of a night watchman, and in his rounds to punch a clock connected to the American District Telegraph Company's office.   On the night of November 29, 1930, plaintiff's husband was so employed.   The testimony indicates he left home without any bruises upon his head, in his usual spirits, went to the factory of defendants and began work.   He failed to punch the clock at one time and this failure was noted at the office of the American District Telegraph Company and it sent a man to investigate. On arriving at the factory the investigator found Woodburn sitting on the stair steps, in the line where he would travel in the usual and ordinary discharge of his duties, near the foot of the stairs, his

lantern upright, lit and burning. Woodburn was conscious. He called attention to the water being low in the boiler. A police ambulance was called and Woodburn taken therein to his home. There is no proof of injury while in the ambulance. There is proof that when he reached home there was a bruise and swelling on the side of his head between the temple and the ear. It was seen by various members of his family, by the mortician, and by the coroner after his death. Dr. Dales, defendant's physician, admits there was a bruise on Woodburn's head, as claimed by plaintiff's witnesses. There was ample proof this bruise might, in the physical condition of the deceased, have caused his death. No one saw Woodburn fall. All we have is that he was free from injury when he left the house and injured when he came back from his place of employment. The fact he left home uninjured, went to defendant's factory, was engaged in his usual and ordinary occupation therein, was found at the factory, at the foot of the stairs, in the line of travel where the discharge of his duties usually and ordinarily took him, severely injured about the head, from which injuries it is probable he died, is, we think, sufficient to raise a presumption the injuries to deceased arose out of and in the course of his employment. This is a borderline case, but we cannot say as a matter of law there was no evidence to sustain the award of the department. Award affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.