SIMPSON v. MICHIGAN VALVE & FOUNDRY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEPART-
MENT MAY DRAW INFERENCES FROM FACTS.
In proceedings under workmen's compensation act, department
of labor and industry may draw all rational and natural infer-
ences from facts and circumstances shown.

2. SAME—COMPENSABLE ACCIDENT—ABSENCE OF EYEWITNESSES—
INFERENCES FROM FACTS.
Where operator of boring machine was observed standing in
front of machine operating it as he was supposed to do, and
soon thereafter was found lying on top of machine with
fractured skull, under facts and circumstances, held, that de-
partment of labor and industry might find that accident arose
out of and in course of employment, although no one saw
accident.

3. SAME—DEPARTMENT MAY DECLINE TO DRAW INFERENCE—WILFUL
MISCONDUCT.
Even if inference might be drawn from facts and circumstances
that accident resulting in injuries to employee was due to
his intentional and wilful misconduct, department of labor
and industry may decline to draw it.

4. SAME—FINDING OF FACT CONCLUSIVE.
Finding of department of labor and industry, based on infer-
ences drawn from facts and circumstances, while acting within
its province, is conclusive on Supreme Court.

Appeal from Department of Labor and Industry.
Submitted October 28, 1932. (Docket No. 171, Cal-
endar No. 36,667.)  Decided December 6, 1932.

Elizabeth Simpson, guardian of John Simpson,
a mental incompetent, presented a claim against
Michigan Valve & Foundry Company, employer,
and Michigan Mutual Liability Company, insurer,
for an accidental injury to her ward while in de-
fendant's employ.  Award to plaintiff.  Defendants
appeal.  Affirmed.

As to effect of serious or wilful misconduct of employee, see anno-
tation in L. R. A. 1916A, 75, 243; L. R. A. 1917D, 133.

*John W. Babcock,* for plaintiff.

*L. J. Carey* (*R. B. Hart,* of counsel), for defendants.

CLARK, C. J. This is review upon certiorari of an award of the department of labor and industry in favor of plaintiff, guardian of John Simpson, mentally incompetent.

Simpson was an operator of a boring machine in the plant of defendant employer. He was observed "standing in front of the machine operating it the way he was supposed to operate it." Soon thereafter he was found lying on top of the machine, unconscious, suffering from a fractured skull. No one saw the accident. Simpson, being mentally incompetent, was not a witness at the hearing. The department in making findings might draw all rational and natural inferences from the facts and circumstances shown. Under the authority of *Papinaw* v. *Railway Co.,* 189 Mich. 441 (12 N. C. C. A. 243); *Meyers* v. *Railroad Co.,* 199 Mich. 134; and *Wishcaless* v. *Hammond, Standish & Co.,* 201 Mich. 192, the department might find, as it did, that the accident arose out of and in the course of the employment. A further defense attempted is that the accident was due to intentional and wilful misconduct of Simpson. If it be conceded that an inference might have been drawn from the facts and circumstance that the accident was so occasioned, it appears that the department declined to draw it and found to the contrary, as it might under the evidence. This was within its province, and the finding is conclusive on this court.

Affirmed.

MCDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.