BJORKSTRAND v. KLAGSTAD.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEPARTMENT'S FINDING OF FACTS CONCLUSIVE IF SUPPORTED BY EVIDENCE.
   Under workmen's compensation act (2 Comp. Laws 1929, § 8451), Supreme Court must adopt findings of fact of department of labor and industry as conclusive, unless there is no competent evidence to sustain such findings; but court may determine whether there is any competent evidence to support such findings, or whether inferences drawn are properly deducible from testimony.

2. SAME—QUESTION OF DEPENDENCY ONE OF FACT.
   Questions of dependency, total or partial, are determined by department in accordance with facts at time of injury (2 Comp. Laws 1929, § 8422).

3. SAME—HUSBAND AND WIFE LIVING APART—"JUSTIFIABLE CAUSE."
   Words "justifiable cause," as used in workmen's compensation act (2 Comp. Laws 1929, § 8422 [a]), providing that wife shall be conclusively presumed to be wholly dependent on husband from whom, at time of his death, department shall find that she was living apart for justifiable cause, have same meaning given them in separation and divorce cases.

4. SAME—TOTAL DEPENDENCY—PRESUMPTIONS.

Finding of department that wife who continued to live in Finland after husband came to America was not living apart from him for ''justifiable cause,'' and therefore was not entitled to conclusive presumption of total dependency, under 2 Comp. Laws 1929, § 8422 (a), *held,* proper.

5. SAME.

In view of wife's testimony that she supported herself and children in Finland before and after her husband's death in America, finding of department that she was not totally dependent on husband at time of his death, as matter of fact, *held,* correct.

6. SAME—PARTIAL DEPENDENCY—ANNUAL EARNINGS.

In absence of showing as to amount of annual earnings of deceased, award for partial dependency may not be made (2 Comp. Laws 1929, § 8421).

Appeal from Department of Labor and Industry. Submitted January 10, 1933. (Docket No. 83, Calendar No. 36,363.) Decided March 2, 1933.

Johanna Bjorkstrand presented her claim against M. Klagstad and J. Nord, employers, and State Accident Fund, insurer, for accidental injuries resulting in the death of her husband, Edward Bjorkstrand. From order denying compensation, plaintiff appeals. Affirmed.

*Uno S. Heggblom,* for plaintiff.

*Roy Andrus,* for defendants.

BUTZEL, J. Johanna Bjorkstrand, plaintiff and appellant, a resident of Finland, appeals from the department of labor and industry's order denying compensation. Appellant's husband, Edward Bjorkstrand, now deceased, left her and their two children in 1923 and came to this country in search of em-

ployment. On December 10, 1928, while employed by M. Klagstad and J. Nord in the lumber woods near Manistique, Michigan, he suffered a severe injury from which he died the following month. At the time he was hurt, he was receiving $12 per week and board, which was estimated to be the equivalent of an additional $6 per week.

The sole questions on appeal are whether plaintiff is entitled to the conclusive presumption of total dependency, or, if not, was she, as a matter of fact, totally dependent for support upon the earnings of decedent, and if not, was partial dependency proven to such an extent as to justify an award. The testimony of plaintiff was taken by deposition in Finland. Pertinent interrogatories and answers are as follows:

"*Q.* How have you and your children been supported since Edward Bjorkstrand left Finland and came to America?

"*A.* With different handworks.

"*Q.* To what extent (give dates and months) has Edward Bjorkstrand supported you and your children?

"*A.* Totally during the whole stay around 12.000 marks, viz. as previously stated 1.881:—, 1.881:—, 1.850:—, 1.900:—, 1.600:—, 1.400:— and in ordinary letters, lost, amounts such as 20, 15 and 5 dollars, total 40 dollars.  *  *  *

"1.    *Q.* Do you own your home?

"*A.* Yes.

"2.    *Q.* Do you own any land?

"*A.* Yes, 0.0347 standards of land (Mantal) of the farm Bjorkbacka No. 3, in the village Jussila of the parish of Munsala. The property is charged with a debt of 12.000 marks.

"3.    *Q.* What is your occupation?

"*A.* Farming.

"4.  *Q.*  How do you support yourself and your children since your husband died?

"*A.*  By farming.

"5.  *Q.*  What work did you do before he died?

"*A.*  Farming also.

"6.  *Q.*  Who helped support you and your children after your husband went to America?

"*A.*  I myself, with my farming, assisted by the support I got from my husband in America.

"7.  *Q.*  What was the last date upon which your husband sent you any money; how much money was it; where was it sent from; how was it sent? If any letter accompanied it, present the letter to the court.

"*A.*  As far as I can remember, I received in 1926, or possibly in 1927, in a registered letter from my husband in Manistique, Michigan, a sum of money which changed into Finnish currency, amounted to about 1.400:—, and just before Christmas, 1927, in an ordinary letter 800 marks. The letters have been lost.

"8.  *Q.*  State the number of times you received money from your husband during the last year of his life, from December 10, 1927, to December 9, 1928. Give the names of the places from which the money was sent and the dates and amounts of the several remittances. Give the court any and all letters you now have which contained such remittances.

"*A.*  . . . . . . . .

"9.  *Q.*  If your answers are not in harmony with your affidavit of June 18, 1930, please explain fully.

"*A.*  . . . . . . . ."

Plaintiff testified that she received from her husband an amount slightly in excess of 12.000 marks during the period of over five years after he came to this country. This included 800 marks received by her just before Christmas in 1927.* When asked

---

* A Finnish mark was worth slightly over 2½ cents in 1927.

specifically the number of times she received money during the last year of his life, and the dates and amounts of these remittances, she failed to give any response.

In accordance with 2 Comp. Laws 1929, § 8451, ·we must adopt the findings of fact of the department of labor and industry as conclusive, unless there is no competent evidence to sustain such findings. *Meyers* v. *Railroad Co.*, 199 Mich. 134; *Luyk* v. *Hertel*, 242 Mich. 445; *Solomon* v. *Railway*, 221 Mich. 599. We may, however, determine whether there is any competent evidence to support such findings, or whether the inferences drawn are properly deducible from the testimony. *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130; *Kirkley* v. *General Baking Co.*, 217 Mich. 307.

Under section 8422, questions of dependency, total or partial, are determined by the department of labor and industry in accordance with the facts at the time of the injury. Subsection (a) of section 8422 provides that a wife shall be conclusively presumed to be wholly dependent upon a deceased husband with whom she lives at the time of his death, or from whom, at the time of his death, the department of labor and industry shall find that she was living apart for justifiable cause or because he had deserted her. It has been held repeatedly that the words "justifiable cause," as employed in the statute, have the meaning given them in separation and divorce cases. *Kirkley* v. *General Baking Co., supra; Martilla* v. *Quincy Mining Co.*, 221 Mich. 525, 529 (30 A. L. R. 1249). See, also, *Kalcic* v. *Newport Mining Co.*, 197 Mich. 364; *Fierro's Case*, 223 Mass. 378 (111 N. E. 957); *Weber's Case*, 224 Mass. 86 (112 N. E. 485). The department's finding that

appellant was not entitled to the conclusive presumption of total dependency was a proper one.

The department also found that appellant was not totally dependent as a matter of fact. The correctness of this ruling is shown by plaintiff's testimony that she supported herself with different handworks after her husband went to America; that she did farming to support herself and her children before and after her husband's death; and that the total amount she received from her husband in over five years amounted to 12.000 marks plus $40 in American money, or approximately $340, an average of little more than $60 per year.

Plaintiff claims that she received 800 marks ($20) just before Christmas in 1927, but her failure to answer the interrogatories propounded to her on the cross-examination as to this point caused the department to find proof lacking as to any payments during the year preceding the death of the decedent. There is no evidence of any kind showing the annual earnings of deceased. Partial dependency must be determined under section 5, part 2, of the compensation act (2 Comp. Laws 1929, § 8421). Without a showing as to the amount of annual earnings, an award cannot be made for partial dependency. *Eckman* v. *Davidson Ore Mining Co.*, 252 Mich. 73, 75.

The order of the department of labor and industry is affirmed.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.