JOHNS *v.* WISCONSIN LAND & LUMBER CO.

1. Appeal and Error—Abandonment of Claimed Error.
   Errors not discussed on appeal in either appellants' brief or in the oral argument are presumed abandoned (Court Rule No. 68 [1933]).

2. Master and Servant—Employer-Employee Relation.
   Relation of employer and employee must be admitted or proved in order to allow recovery under the workmen's compensation act.

3. SAME—FINDINGS OF DEPARTMENT—EVIDENCE—UNDERTAKER.

Record *held*, insufficient to support findings of department of labor and industry that deceased was an employee of contractor cutting cross ties in the woods, or that $200 undertaker bill was reasonable for removal of body from woods and burial (2 Comp. Laws 1929, § 8424).

4. SAME—UNDERTAKER—WORKMEN'S COMPENSATION ACT.

Undertaker may not recover burial fee allowed under workmen's compensation act for man who left no dependents merely because act was intended to make an easier adjustment of matters as between the parties (2 Comp. Laws 1929, §§ 8420, 8424).

5. SAME—CONSTRUCTION OF WORKMEN'S COMPENSATION ACT—UNDERTAKER.

Workmen's compensation act, being in derogation of common law, is strictly construed so as to preclude recovery thereunder from contractor by undertaker who tended to burial of man found dead in the woods who had been employed theretofore by loggers (2 Comp. Laws 1929, § 8417).

6. SAME—CONTRACT RELATIONS.

Workmen's compensation act does not set aside remedy at law of undertaker claiming to have furnished burial services with respect to a teamster at request of alleged employer (2 Comp. Laws 1929, § 8424).

7. SAME—INFERENCES BY DEPARTMENT—EVIDENCE—CERTIORARI.

Department of labor and industry may draw inferences from facts and circumstances but, where there is no evidence in the record to support the findings, the award will be vacated on certiorari.

8. CERTIORARI—DEPARTMENT OF LABOR AND INDUSTRY—EVIDENCE—INFERENCES.

On certiorari from department of labor and industry, Supreme Court will determine whether there is any competent evidence to support the findings and whether inferences were properly deducible from the testimony.

Appeal from Department of Labor and Industry; Submitted June 12, 1934. (Docket No. 108, Calendar No. 37,676.) Decided October 1, 1934.

William J. Johns and Johns Funeral Home presented their claim against Wisconsin Land and Lumber Company, alleged employer of Andy Gardner, and Employers' Mutual Liability Company, insurer, for burial expenses of Andy Gardner. Award to plaintiffs. Defendants appeal. Reversed.

*August J. Waffen,* for plaintiffs.

*Derham & Derham,* for defendants.

BUSHNELL, J.    Defendants appeal in the nature of certiorari from an order entered by the department of labor and industry affirming an award to Johns Funeral Home in the sum of $200 for the burial of Andy Gardner. The deceased was a teamster employed by Brandt & Kayser, loggers for the Wisconsin Land & Lumber Company, who operated under a contract for the cutting of cross ties. The contractors, having finished their work in the woods some time in February, discharged their entire crew. Gardner came back to the camp in April and worked for the contractors about four days skidding ties. Kayser testified that on the day of the accident the deceased finished putting ties on the deck at the sawmill, which was two miles from camp, and about 10 o'clock he was told to take the team back to camp and put them in the barn. Except by inference, the record does not disclose what followed. After dinner Gardner was found about 50 feet from the barn where a log jammer had come in contact with an electric power line. One of the horses was dead; the other was standing up but was hooked on the jammer. No one seems to know why Gardner was moving the jammer. Kayser called Coroner Fanscher, who is also an undertaker, and as Fanscher was going out of the woods,

Johns appeared, claiming he had been instructed to get the body. Johns testified that he had acted upon receipt of a telephone call from the defendant company but was unable to state who had phoned and did not recognize the voice. As far as is known, Gardner was a single man, without dependents.

Appellees do not state in their brief that they accept the statement of questions set forth in appellants' brief, nor do they submit a "counter-statement of questions involved." Court Rule No. 68 (1933). Appellants denied at the hearing that deceased was in defendants' employ but this question is not followed up in the brief. We have repeatedly held that errors not discussed on appeal in either appellants' brief or in the oral argument are presumed to have been abandoned.

It is fundamental, however, that the relation of employer and employee must be either admitted or proved. We find no facts in the record upon which either the deputy or the department could find that the deceased was in defendants' employ either as a matter of fact or a conclusion of law. 2 Comp. Laws 1929, § 8424, reads as follows:

"If death results from the injury the employer shall pay, or cause to be paid as hereinafter provided, in addition to the indemnity paid to dependents, the reasonable expense of his last sickness and burying, which shall not exceed two hundred dollars, in addition to any sum the employer may be required to pay under the provisions of section four of part two of this act."

Not only is there no showing that defendant was the employer of the deceased, but there is no testimony that the expense was reasonable. The record shows that plaintiff took the body and buried it. That is all. Appellants contend that the plain-

tiff undertaker is not a proper party to bring compensation proceedings. 2 Comp. Laws 1929, § 8420, which is part 2, § 4, of the act, requires the employer to furnish or cause to be furnished reasonable medical, surgical, and hospital services and medicines when they are needed, during the first 90 days after the injury.

"In those jurisdictions wherein the question has been decided, it is generally held that proceedings by a physician for recovery of compensation for medical services are ancillary to proceedings by the injured employee for compensation for injuries sustained, and are dependent upon the existence of a claim by the injured employee for compensation therefor." 72 A. L. R. 1012, and cases cited thereunder.

Our statute, 2 Comp. Laws 1929, § 8420, is silent as to the right of recovery by one who furnishes medical, surgical and hospital services and medicine, and we have not had occasion to pass upon the question. The expenses of the last sickness and burial to be paid by the employer as provided in 2 Comp. Laws 1929, § 8424, is in addition to the indemnity paid to dependents and is not to exceed $200 in addition to any sum the employer is required to pay for medical and hospital services.

While we cannot say that the statute is clear, and, as stated by the department, "There might be some question as to the proper party," we do not agree with the language that immediately follows, viz.:

"But since this man left no known dependents and since the act was prepared to make easier an adjustment of matters as between parties under it, we can see no objections to the procedure taken by the plaintiff to recover the funeral fee allowed in the act."

This is not the purpose of the workmen's compensation act. As stated by Mr. Justice STONE in *Adams* v. *Acme White Lead & Color Works,* 182 Mich. 157, 161 (L. R. A. 1916 A, 283, Ann. Cas. 1916 D, 689, 6 N. C. C. A. 482):

"The paramount object has been for the enactment of what has been claimed to be more just and humane laws to take the place of the common-law remedy for the compensation of workmen for accidental injuries received in the course of their employment, by the taking away and removal of certain defenses in that class of cases."

Mr. Justice Pitney described its purpose as follows:

"The act evidently is intended as a just settlement of a difficult problem, affecting one of the most important of social relations, and is to be judged in its entirety." *N. Y. C. R. Co.* v. *White,* 243 U. S. 188 (37 Sup. Ct. 247, L. R. A. 1917 D, 1, Ann. Cas. 1917 D, 629).

We have held that:

"This statute, being in derogation of the common law, should be strictly construed." *Andrejwski* v. *Wolverine Coal Co.,* 182 Mich. 298, 303 (Ann. Cas. 1916 D, 724, 6 N. C. C. A. 807).

Part 3 of the act, 2 Comp. Laws 1929, §§ 8440 to 8459, covers procedure; section 8445 provides for a hearing if the employer and employee shall fail to reach an agreement; and section 8417 limits the payment of compensation to the employee's dependents in case of death resulting from injuries.

The entire act is for the benefit of the employer, the employee and his dependents. The facts submitted by the record in the instant case disclose a claimed contractual relation between plaintiff and

defendant, for breach of which either party has its adequate remedy at law. Section 8424 does not set aside such actions.

The department may draw inferences from the facts and circumstances, *Simpson* v. *Michigan Valve & Foundry Co.*, 260 Mich. 543, but where there is no evidence in the record to support the findings, the award will be vacated on certiorari. *Kanasovich* v. *Quincy Mining Co.*, 231 Mich. 39. We may also determine whether there is any competent evidence to support the findings and whether the inferences drawn are properly deducible from the testimony. *Bjorkstrand* v. *Klagstad*, 262 Mich. 186.

The application for adjustment of the claim and the testimony do not bring the case within the provisions of 2 Comp. Laws 1929, § 8416, so as to show any liability on the part of the principal employer, Wisconsin Land & Lumber Company, to a workman employed by its "contractor," Brandt & Kayser.

There being no evidence of a relation of employer and employee between defendant company and the deceased (see *Stoddard* v. *Cooper-Widenmann Construction Co.*, 220 Mich. 643), and the statute giving no right of recovery to one who cares for the burial of one leaving no dependents, the award must be vacated, with costs to appellants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.