MAHONEY v. ROSEWARNE, McNAB & WORSWICK.

Workmen's Compensation—Burial Expenses of Employee Leaving No Dependents.

One paying undertaker for the burial of a deceased employee who left ·no dependents *held*, not entitled to recover amount allowed to dependents for that purpose under the workmen's compensation act (2 Comp. Laws 1929, § 8454).

Appeal from Department of Labor and Industry. Submitted January 9, 1935. (Docket No. 25, Calendar No. 37,785.) Decided March 5, 1935.

Elizabeth Mahoney, administratrix of the estate of Ted Mahoney, deceased, presented her claim against Rosewarne, McNab & Worswick, employer, and General Accident Assurance Corporation, insurer, for funeral expenses of Ted Mahoney. Award to plaintiff. Defendants appeal. Reversed.

*Isabel Larwill (Benjamin F. Watson,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

NELSON SHARPE, J.   Ted Mahoney sustained an accidental injury on November 2, 1929, while in the employ of the defendant Rosewarne, McNab & Worswick.   Compensation was paid to him on an award by a deputy commissioner until his death on May 13, 1933.   He left no dependents.

The plaintiff, his sister, was appointed administratrix of his estate, and as such paid the funeral bill, which was in excess of $200.   The petition herein was filed by her with the department of labor and industry to compel payment to her by the employer of the $200.   After a hearing before a deputy, at which proofs were submitted, he made an award in favor of the plaintiff, and on review by the commission it was affirmed.   An appeal therefrom was taken.

Plaintiff's right to recover is based upon 2 Comp. Laws 1929, § 8424, which reads as follows:

"If death results from the injury the employer shall pay, or cause to be paid as hereinafter provided, in addition to the indemnity paid to dependents, the reasonable expense of his last sickness and burying, which shall not exceed two hundred dollars, in addition .to any sum the employer may be required to pay under the provisions of section four of part two of this act."

In *Johns* v. *Wisconsin Land & Lumber Co.,* 268 Mich. 675, the plaintiff, who conducted a funeral home, petitioned the department of labor and industry under this section for the allowance of a claim of $200 against the employer of a deceased

employee, whom it had buried, and the same was allowed. After reviewing the authorities, Mr. Justice Bushnell, speaking for the court, said, ''The entire act is for the benefit of the employer, the employee and his dependents,'' and that ''the statute giving no right of recovery to one who cares for the burial of one leaving no dependents, the award must be vacated.''

If such a claim could not be enforced under the act by the undertaker who buried the employee, it may not be enforced by the plaintiff who paid the undertaker for his services.

In view of the conclusion reached, the other question presented need not be considered.

It is but fair to the commission and to the attorneys to say that the opinion above referred to was handed down after the appeal had been taken in this case.

The award is vacated.

Potter, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.