ROGERS v. FORD MOTOR CO.

WORKMEN'S COMPENSATION—FINDING OF ACCIDENTAL INJURY—EM-
    PLOYEE WITH HEART TROUBLE—EVIDENCE—EQUALLY DIVIDED
    COURT.
    Finding of department of labor and industry that 69-year old
        employee had suffered an accidental injury, under record show-
        ing that employer's report of accident stated that employee
        had collapsed while standing in front of a body conveyor where
        automobile bodies are dried by infra red light, autopsy showed
        immediate cause of death was a cerebral hemorrhage following
        a fractured skull and that decedent had three serious heart ail-
        ments, there was no evidence that he had overexerted himself or
        had eaten a heavy meal or that any particular thing had hap-

pened to him which might bring on a heart attack and defendant made no effort to show circumstances under which decedent was injured, is affirmed by an equally divided court.

Appeal from Department of Labor and Industry. Submitted June 10, 1938. (Docket No. 95, Calendar No. 40,074.) Decided December 22, 1938.

Orissa Rogers, widow, presented her claim against Ford Motor Company for compensation for death of her husband from personal injuries sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed by an equally divided court.

*George H. Anderson,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

BUTZEL, J.  Decedent was a man 69 years of age and had been employed by defendant for 18 or 19 years prior to his death.  He had had no recent illness other than indigestion and seemed as well as usual when he left home and went to work with a fellow employee on the night of March 10, 1937. After he was left at a gate by the fellow employee and entered the plant, he was not seen by any of those who testified at the hearing until after he was removed from the factory dead.

Defendant filed a report with the department of labor and industry, using the form for compensable accidents, but attached thereto a letter denying that an accident had occurred.  Under the description of how the accident occurred, defendant stated the employee "collapsed where he was standing in front of a body conveyor, where bodies are dried by infra red light."  The report also gave the name of decedent's foreman and of the attending physician.

Decedent's body was taken to the county morgue where an autopsy showed that the immediate cause of death was a cerebral hemorrhage following a fractured skull. It was also revealed that decedent had three serious heart ailments. The medical examiner's autopsy report described decedent's condition as follows:

"One and one-half inch laceration scalp superficial, left occipital parietal region; aortitis; aortic stenosis; coronary sclerosis; old adhesions at apex of both lungs; acute passive congestion of both kidneys; moderate enlargement of the prostate gland; four and a half inch fracture stellate shaped in the left temporal bone."

While there was testimony that decedent's heart ailments could at any time have caused a heart attack, with a consequent fall, it was also shown that decedent might have continued to live for some time without ill effects. There was no evidence that deceased had overexerted himself, or had eaten a heavy meal, or that any particular thing had happened to him which might bring on a heart attack.

The department, on appeal by defendant from the award made by the deputy commissioner, found that an accident had occurred and awarded plaintiff $18 a week plus $200 for funeral expenses. Defendant appeals.

Defendant introduced no witnesses competent to testify and the facts hereinbefore detailed constitute the sum of the evidence before the department. Defendant, although its report indicates that it had full information in regard to the incident, gave none whatsoever, nor any reason for its failure to do so. It is true that the burden of proving an accident rests on the one seeking the award and that an

award favorable to the appellant must be based on established facts. However, in *Wishcaless* v. *Hammond, Standish & Co.*, 201 Mich. 192, the court quoted from *Grant* v. *Railway Co.*, 1 B. W. C. C. 17, to the effect that:

"If in such a case facts are proved the natural and reasonable inference from which is that the accident happened while the deceased was engaged in his employment, I think it falls upon the employer, if he disputes the claim to prove that the contrary was the case."

We have frequently held that a finding that an accident occurred may be a reasonable and natural inference from a showing that the employee received a physical injury while at work. In the following cases the employee was found dead from traumatic injuries on the employers' premises and the award was sustained notwithstanding the fact that no one saw the accident: *Wishcaless* v. *Hammond, Standish & Co.*, *supra*; *Meyers* v. *Railroad Co.*, 199 Mich. 134; *Simpson* v. *Michigan Valve & Foundry Co.*, 260 Mich. 543. In *Woodburn* v. *Oliver Machinery Co.*, 257 Mich. 109, the record, though not the opinion, discloses that the employee was 72 years of age, suffering from arteriosclerosis and an aneurism of the circle of Willis, one of the principal avenues of circulation of the blood in the brain. Testimony showed that this could have caused faintness and dizziness, which, in turn, could have caused the fall which resulted in death. The court said:

"No one saw Woodburn fall. All we have is that he was free from injury when he left the house and injured when he came back from his place of employment. The fact that he left home uninjured, went to defendant's factory, was engaged in his

usual and ordinary occupation therein, was found at the factory, at the foot of the stairs, in the line of travel where the discharge of his duties usually and ordinarily took him, severely injured about the head, from which injuries it is probable he died, is, we think, sufficient to raise a presumption the injuries to deceased arose out of and in the course of his employment.''

We are not unmindful of the several cases in which it was held that there was no basis in fact for the inference of an accident. However, they all can be distinguished from the instant case. In *Allen* v. *Robert Gage Coal Co.*, 218 Mich. 347, *Marman* v. *Detroit Edison Co.*, 268 Mich. 166, and *Guthrie* v. *Detroit Shipbuilding Co.*, 200 Mich. 355, the immediate cause of death was either unknown or was not a physical injury which could be attributed to the employment. In *Sadjak* v. *Parker-Wolverine Co.*, 281 Mich. 84, the employee was not shown to have been injured while at work, but was found two blocks away from the place of employment, in front of a beer garden and with the odor of alcohol on his breath. In *Pucilowski* v. *Packard Motor Car Co.*, 278 Mich. 240, the employer offered evidence to show the circumstances under which the employee was injured and thus can be held to have rebutted the presumption of a compensable accident which would arise from the fact that the employee was injured while at work. In this case defendant made no effort to show the circumstances under which decedent was injured and we believe that the department was warranted, upon the established facts, in drawing the inference that decedent met with a compensable accident.

The award is affirmed, with costs to plaintiff.

Bushnell, Chandler, and McAllister, JJ., concurred with Butzel, J.

WIEST, C. J. The award should be vacated.

The department justified the inference of accidental injury on the failure of defendant to produce witnesses showing how the accident occurred.

This man was suffering from three ailments, any one of which might prove fatal and throw him to the floor. The fact that he entered the factory apparently well does not permit drawing the inference that there was an accident because, even if he appeared well, any one of his serious diseases might have caused his death at any time.

I am not prepared to hold that the burden is on the defendant to disprove the alleged accidental injury but adhere to the rule that the burden is on the plaintiff to show an accidental injury.

I am of the opinion that an affirmative finding of an accidental injury cannot be based upon an inference as was done in this case, as evidenced by the following, quoted from the opinion of the department:

"A most reasonable inference is drawn by this department, that if such witnesses (other employees of defendant) had been favorable to defendant's case, they would have been produced."

SHARPE, POTTER, and NORTH, JJ., concurred with WIEST, C. J.