DULYEA v. SHAW-WALKER CO.

1. WORKMEN'S COMPENSATION—BURDEN OF PROOF.

The burden of establishing a claim for workmen's compensation rests upon those seeking an award.

2. SAME—EYEWITNESSES TO ACCIDENT.

In order for a plaintiff to recover an award under the workmen's compensation act, it is not necessary that there be eyewitnesses to the accident.

3. SAME—INFERENCES—CONJECTURE.

In proceeding to recover workmen's compensation if an inference favorable to the applicant can only be arrived at by conjecture or speculation or if there are two or more inferences equally consistent with the established facts, the applicant cannot recover.

4. Same—Death—Accident Arising Out of and in Course of Employment—Evidence.

In widow's proceeding to recover compensation for death of husband, evidence that 31-year old employee was found slumped down on the stairway with his head downward, had two marks on his head and two teeth knocked out and died without regaining consciousness, had worked for employer for 11 years, had lost no time from his work because of sickness, was not subject to dizzy spells nor suffering from any disease which might cause him to collapse while going downstairs, and on morning of accident had been performing his usual duties except for time taken to see the company doctor, sustained finding by department of labor and industry that death was caused by an accident arising out of and in the course of his employment.

5. Same—Supreme Court—Weight of Evidence.

The Supreme Court does not weigh the evidence in reviewing proceeding to recover workmen's compensation.

Appeal from Department of Labor and Industry. Submitted January 3, 1940. (Docket No. 47, Calendar No. 40,866.) Decided March 15, 1940. Rehearing denied June 18, 1940.

Virginia Dulyea, widow, presented her claim against Shaw-Walker Company, employer, and Liberty Mutual Insurance Company, insurer, for compensation for death of her husband caused by injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Joseph T. Riley,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

Sharpe, J. Plaintiff, widow and sole dependent of Adrian D. Dulyea, sought an award of compensation by the department of labor and industry against Shaw-Walker Company for the death of her husband. There was an award of compensation and defendants appeal. The sole question involved is

whether or not the injuries resulting in Adrian D. Dulyea's death were caused by an accidental injury arising out of and in the course of his employment.

The facts are not in dispute. Adrian D. Dulyea was employed by defendant company in the card department getting out special orders. He was 31 years of age, about 5 feet 10 inches tall and weighed 192 pounds. On the morning of May 19, 1938, at 11:02 a. m., Dulyea was discovered by a fellow employee slumped down on the stairway between the third and fourth floors with his head toward the third floor. He died shortly after being found and never regained consciousness. There were two marks on his head, one about two inches long on the top of his head, on the left side, extending from the hair line into the hair; and another on the right side of his face beginning in the region between the eye and ear and extending down to the corner of his mouth. Two teeth were also found to have been knocked out.

The evening before the accident, Dulyea had played ball. At about 2 a. m., on the day of the injury, he became ill, apparently from dysentery. The morning of the day of the accident he left for work about 7:50. About 8:15, he spoke to his foreman and was given a physician's pass card. About 10:30 a. m., Dulyea talked to the company doctor who made regular morning calls at the factory. He was examined by the doctor and was found to be suffering from a gastric intestinal disturbance. Two minutes after leaving the foreman's office on the fourth floor, Dulyea was found lying on the stairway as before mentioned.

An autopsy was performed by Dr. Lange, a pathologist, upon authority of the county coroner, and no evidence was found that decedent was suffering from coronary thrombosis, embolism or cerebral hem-

orrhage, conditions which might have caused decedent to collapse while he was going down the stairs.

The department of labor and industry found:

"That the injuries which the deceased sustained and which resulted in his death were caused by an accident arising out of and in the course of his employment is the only reasonable and logical inference which can be drawn from the instant fact situation."

It is the claim of defendant company that the facts raise an inference that decedent fainted because of weakness from dysentery, which he was suffering at that time and which is manifested by fainting and loss of consciousness.

We recognize the rule that the burden of establishing a claim for compensation rests upon those seeking an award; that in order that plaintiff may recover an award it is not necessary that there be eyewitnesses to the accident; and that if an inference favorable to the applicant can only be arrived at by conjecture or speculation the applicant cannot recover. It is also the rule that if there are two or more inferences equally consistent with the established facts, the applicant must fail.

In *De Mann* v. *Hydraulic Engineering Co.,* 192 Mich. 594, quoting from *Parker* v. *Union Station Ass'n,* 155 Mich. 72, we said:

" 'We have often held that circumstances shown may justify inferences which bring liability within the realm of probability, rather than leaving it a matter of conjecture merely.' "

In *Woodburn* v. *Oliver Machinery Co.,* 257 Mich. 109, deceased, a night watchman, left his home and went to work for his employer, and later was found sitting on some stairs with his lantern lit and burning. He was conscious and upon examination there

was found a bruise and swelling on the side of his head. He died as a result of the injuries sustained. No one saw him fall and he was free from injury when he left his home to go to work. We there said.

"The fact he left home uninjured, went to defendant's factory, was engaged in his usual and ordinary occupation therein, was found at the factory, at the foot of the stairs, in the line of travel where the discharge of his duties usually and ordinarily took him, severely injured about the head, from which injuries it is probable he died, is, we think, sufficient to raise a presumption the injuries to deceased rose out of and in the course of his employment."

See, also, *Rogers* v. *Ford Motor Co.*, 287 Mich. 104, and cases cited therein.

In the case at bar, Dulyea was found with his head downward. Dr. Lange testified that there was good probability that the fall could have caused his death. It is also undisputed that the deceased had worked for defendant company for a period of 11 years, had lost no time from his work because of sickness, was not subject to dizzy spells, and on the morning of the accident had been performing his usual duties except for the time taken to see the company doctor. It is also a fact that deceased was not suffering from any disease which might cause him to collapse while going down stairs. In our opinion the record sustains the department of labor and industry in its finding that the only reasonable and logical inference which can be drawn from the facts is that decedent's death was caused by an accident arising out of and in the course of his employment. We do not weigh the evidence.

The award is affirmed, with costs to plaintiff.

Bushnell, C. J., and Potter, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.