# Order

Michigan Supreme Court
Lansing, Michigan

April 16, 2010

140241

ALESIA HARRIS, Personal Representative of
the Estate of Henry J. Harris, Deceased,
           Plaintiff-Appellant,

v

GENERAL MOTORS CORPORATION,
           Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 140241
COA: 285426
WCAC: 06-000256

On order of the Court, the application for leave to appeal the November 24, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I would grant plaintiff's application for leave to appeal. Plaintiff makes a potentially meritorious distinction between different types of workplace falls. The distinction could determine whether she is entitled to worker's compensation benefits.

Plaintiff's decedent fell in a bathroom at his place of employment. He died four days later from his injuries. Plaintiff, his widow, filed a claim for benefits under the Worker's Disability Compensation Act (WDCA).[1] At trial, there was conflicting testimony about whether decedent's fall occurred while he was moving or whether he simply fainted, then fell. The parties also disputed whether decedent's medical problems caused the fall.

The magistrate denied plaintiff's claim, concluding that she had failed to establish any work connection for decedent's injury. Consequently, the magistrate determined that

_____

[1] MCL 418.101 *et seq.*

plaintiff's claim was barred under the Court of Appeals decisions in *Ledbetter v Michigan Carton Co*[2] and *McClain v Chrysler Corp*.[3]

The Workers' Compensation Appellate Commission (WCAC) affirmed the magistrate's decision in a divided opinion. The majority found factual mistakes in the magistrate's opinion, but concluded that they were harmless.

The dissent disagreed that the magistrate's errors were harmless. It noted the distinction between "idiopathic" falls and "unexplained" falls. The dissent believed that the former are purely personal to the employee and therefore non-compensable, whereas the latter are falls of unknown origin and are generally compensable. The dissent cited precedents from this Court where the cause of a workplace fall was unexplained and there was no evidence that the employee had a medical problem causing the fall.[4] In those cases, this Court unanimously concluded that the unexplained nature of the fall gave rise to a presumption that plaintiff's injuries arose out of the course of his employment.[5] The dissent would have remanded the case to the magistrate to explain why he concluded that the fall was idiopathic, rather than unexplained.

The Court of Appeals affirmed the WCAC, ignoring the distinction drawn by the dissent. The court conflated the two types of falls, holding that "[a]n injury of unknown or idiopathic origin is not compensable simply because it occurred while the employee was in the course of employment on the employer's premises."[6]

---

[2] *Ledbetter v Michigan Carton Co*, 74 Mich App 330 (1977).

[3] *McClain v Chrysler Corp*, 138 Mich App 723 (1984).

[4] See, e.g., *Dulyea v Shaw-Walker Co*, 292 Mich 570, 574 (1940) ("It is also undisputed that the deceased had worked for defendant company for a period of 11 years, had lost no time from his work because of sickness, was not subject to dizzy spells, and on the morning of the accident had been performing his usual duties except for the time taken to see the company doctor. It is also a fact that deceased was not suffering from any disease which might cause him to collapse while going down stairs.").

[5] *Woodburn v Oliver Machinery Co*, 257 Mich 109, 111 (1932) ("The fact he left home uninjured, went to defendant's factory, was engaged in his usual and ordinary occupation therein, was found at the factory, at the foot of the stairs, in the line of travel where the discharge of his duties usually and ordinarily took him, severely injured about the head, from which injuries it is probable he died, is, we think, sufficient to raise a presumption the injuries to deceased rose out of and in the course of his employment.").

[6] *Harris v Gen Motors Corp*, unpublished opinion per curiam of the Court of Appeals, issued November 24, 2009 (Docket No. 285426) at 4.

Notably, neither the WCAC majority nor the Court of Appeals addressed the cases cited by the WCAC dissent. *Ledbetter* and *McClain* also ignored *Dulyea*, *Woodburn*, and the other cases cited by the WCAC dissent. The Court of Appeals majority in *McClain* simply announced, without citation, that unexplained falls were not compensable.[7]

I am not convinced that *Ledbetter* and *McClain* can be reconciled with *Dulyea* and *Woodburn*. I would grant leave to appeal to consider whether a legal distinction exists between "unexplained" and "idiopathic" falls, and if so, whether that distinction is dispositive of entitlement to benefits under the WDCA.

CAVANAGH and HATHAWAY, JJ., would grant leave to appeal.

---

[7] *McClain*, 138 Mich App at 730-732 ("We are not persuaded that Michigan has adopted a rule requiring compensation to be paid simply because the injury occurred at the workplace, where the nature of the cause is unknown. . . . We do not find that the WCAB erred by failing to devise a more specific standard relating to idiopathic falls. Plaintiffs' arguments for compensation for injuries of unknown causal relationship to their employment have merit, but are not a recognized theory in this state.").



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 16, 2010

0413

Clerk