PRANGE v. GRAND RAPIDS LUMBER CO.

1. Workmen's Compensation—Independent Contractor—Question of Fact.

In proceeding by injured salesman, selling defendant's roofing products strictly on a commission basis, to recover workmen's compensation, the question of whether or not his relation to defendant was that of an employee or an independent contractor *held,* one of fact under the record presented.

2. Same—Roofing Salesman—Finding of Relation of Employee—Evidence.

In roofing salesman's proceeding to recover workmen's compensation, evidence supported finding by department of labor and industry that plaintiff was an employee rather than an independent contractor where, among other things, it was shown plaintiff had received instructions as to how to make measurements and estimates, was provided with literature and names of prospects, had turned in several orders but had not earned any commissions when injured about three weeks after starting, while working under the direction of defendant's foreman in a farmer's barn as he was figuring on a new roof.

Distinction between agent and independent contractor, see 1 Restatement, Agency, §§ 2, 3.

3. SAME—REMAND TO DEPUTY FOR FURTHER TESTIMONY ON POINTS
   NOT COVERED AT INITIAL HEARING—JURISDICTION OF DEPARTMENT.
   Action of the department of labor and industry in awarding
   hospital and medical expenses and, upon reversal of deputy
   commissioner's finding of nonliability, remanding case to him
   for further testimony as to the average weekly wage and period
   of disability not covered at the initial hearing, did not con-
   stitute a rehearing nor was the order a final order; hence the
   department did not lose jurisdiction of the case (2 Comp. Laws
   1929, § 8450).

4. SAME—MINIMUM AWARD.
   Minimum award of $7 per week to roofing salesman who was
   injured about three weeks after he commenced working for
   defendant on a commission basis and had turned in several
   orders but before he had "earned" any commissions is not
   disturbed, since liability was found and award is for the mini-
   mum amount (2 Comp. Laws 1929, §§ 8425, 8427).

Appeal from Department of Labor and Industry.
Submitted June 7, 1940.   (Docket No. 60, Calendar
No. 41,051.)   Decided October 7, 1940.

Ernest A. Prange presented his claim against
Grand Rapids Lumber Company, employer, and
General Accident Fire & Life Assurance Corpora-
tion, Limited, insurer, for compensation for ac-
cidental injury received while a salesman in defend-
ant's employ.   Award to plaintiff.   Defendants ap-
peal.   Affirmed.

*Martin D. Verdier,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

BUSHNELL, C. J.   Plaintiff was employed by de-
fendant Grand Rapids Lumber Company about July
20, 1938, on answering an advertisement for sales-
men for defendant's roofing division.   The terms of
the employment were that plaintiff was to receive a
commission of 15 per cent. of the gross sales on any
accepted orders turned in by him.   He was given in-

structions as to measuring roofs and making estimates, provided with literature of the company, and called at their office several days a week to receive information regarding new prospects whose names might be furnished him. A foreman of defendant's company testified that, at the time of his injury, plaintiff was working under his supervision.

On August 10, 1938, plaintiff went to a farm for the purpose of figuring a new roof on a barn and, while walking through the barn looking at the roof, he stepped into a hole that was covered with hay and fractured his right leg. Although he had turned in several orders between July 20th and August 10th, he had not earned any commissions from the defendant company. He had previously covered the same territory for a former employer and had sold paint and other supplies to farmers.

Plaintiff's claim for compensation was denied by the deputy commissioner on the ground that he was an independent contractor rather than an employee. On appeal to the department, the award was reversed, the department holding that plaintiff was an employee, and the matter was remanded to the deputy commissioner to take testimony as to plaintiff's average weekly wage and as to whether or not he had recovered from his injury. Further testimony was taken which showed that plaintiff had earned an average wage of $25 per week, less expenses, at his former employment, and that he had not fully recovered from his injury. An order was entered granting plaintiff compensation at the minimum rate of $7 per week from August 10, 1938, until further order of the department. He was also allowed hospital and medical expenses by the earlier order.

Appellants contend that the department erred in finding that plaintiff was an employee and cite a

number of authorities in which this court has reversed the decisions of the department on the question of whether or not plaintiffs, in such cases, were independent contractors.

In *Lantz* v. *Schanz,* 260 Mich. 547, the court held that the finding of the department that the deceased was an employee rather than an independent contractor was controlling because there was evidence to support such finding. In *Mellaney* v. *Fordmont Hotel,* 289 Mich. 384, 389, many of the authorities are collected, and the court there said:

"" 'Whether or not the relation of master and servant exists in a given case, under oral contract, is often a question of fact, or of mixed law and fact, and is to be proved like any other question.' *Tuttle* v. *Embury-Martin Lumber Co.,* 192 Mich. 385, 400 (Ann. Cas. 1918 C, 664)."

It was held in the *Mellaney Case* that the question was one of fact and that the court was bound by the finding of the department since there was testimony to support it.

A review of the record in the instant case requires the conclusion that the question here presented is one of fact. There is testimony to support the finding of the department.

Appellants further contend that the department lost jurisdiction when it entered an order awarding hospital and medical expenses and then returned the matter to the deputy commissioner for further testimony as to the average weekly wage and the period of disability. Such action on the part of the department did not constitute a rehearing. The situation is distinguishable from that in *Guss* v. *Ford Motor Co.,* 275 Mich. 30, cited by appellants. The order here was not a final one. The department desired testimony on points which had not been covered at

the initial hearing and, under the provisions of 2
Comp. Laws 1929, § 8450 (Stat. Ann. § 17.185), re-
turned the matter to the deputy commissioner to
take additional testimony.

It is also contended that there is no competent
testimony in the record to sustain the award of $7
per week. An attempt was made to show the pre-
vious wages of plaintiff in order to determine his
average daily wage. See 2 Comp. Laws 1929, § 8427
(Stat. Ann. § 17.161). However, this is unimportant
because, in any event, the award could not have been
less than the minimum of $7 per week, provided for
by 2 Comp. Laws 1929, § 8425 (Stat. Ann. § 17.159).
See *Carothers* v. *City of Stanton,* 257 Mich. 107.
There, an award for the minimum of $7 per week
was affirmed where plaintiff, as chief of a volunteer
fire department, received a salary of only $25 per
year.

The award of the department is affirmed, with
costs to appellee.

SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER,
WIEST, and BUTZEL, JJ., concurred.