FEDEROFF *v.* EWING

1. WORKMEN'S COMPENSATION—ADMINISTRATIVE LAW—APPEAL AND ERROR.

An appellate court will not engage in the evaluation of the facts or any of the merits of a party's claim in a workmen's compensation case where such issues were not decided by a lower court or board (MCLA § 411 *et seq.*).

2. WORKMEN'S COMPENSATION—LIABILITY—EXCLUSIVENESS—JURISDICTION.

Jurisdiction for the determination of issues concerning exclusiveness and conditions of liability under the workmen's compensation act initially must lie with the compensation department; the workmen's compensation department is the forum which properly considers questions of employment relationship, injury, and compensation (MCLA § 411 *et seq.*).

3. WORKMEN'S COMPENSATION—INSURER—RIGHT TO SUE—EMPLOYEE'S RIGHT.

An injured employee, or other person entitled, is statutorily authorized to enforce in his own name the liability of any insurance company which may have insured, in whole or in part, liability for compensation (MCLA § 418.651).

4. WORKMEN'S COMPENSATION—INSURER—PARTY DEFENDANT—RIGHT TO SUE—EMPLOYER'S RIGHT.

Workmen's Compensation Appeal Board's order that the statutory liquidator of insurance company A which had insured the workmen's compensation claimant's employer and which had become insolvent and insurance company B which had reinsured

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 525, 530.
[2, 8] 58 Am Jur, Workmen's Compensation § 398.
[3] 58 Am Jur, Workmen's Compensation § 374 *et seq.*
[4, 8] 58 Am Jur, Workmen's Compensation § 570 *et seq.*
[5] 58 Am Jur, Workmen's Compensation § 525.
[6, 7] 58 Am Jur, Workmen's Compensation § 69.

company A should be made parties defendant to claimant's action for workmen's compensation benefits and remanding the matter to a workmen's compensation department referee was permissible because the claimant's employer was entitled to have its rights and obligations determined along with those of the insurer and the reinsurer by the statutorily created forum, the compensation commission, and the injured employee had the right to enforce in his own name the liability of any insurance company which insured liability for compensation (MCLA §§ 418.651, 418.841, 413.8).

5. WORKMEN'S COMPENSATION—ADMINISTRATIVE LAW—APPEAL AND ERROR—FINAL DECISION.

Workmen's Compensation Appeal Board's order determining that the statutory liquidator of an insurance company which had insured the workmen's compensation claimant's employer and which had become insolvent and the insurance company's reinsurer should be made parties defendant in claimant's action for workmen's compensation benefits and remanding the matter to a referee was not appealable as of right where the ordered remand had not yet taken place, because no final decision as to liability or exclusiveness had been made by the workmen's compensation department (Const 1963, art 6, § 28).

6. CONTRACTS—CONFLICTS OF LAW—PLACE OF PERFORMANCE.

The law of the place where a contract is to be performed determines the validity, nature, obligation, and effect of the contract where the contract is to be performed at a place other than the place it was made; the *lex solutionis* prevails over the *lex loci contractus*.

7. CONTRACTS—PLACE OF PERFORMANCE—WORKMEN'S COMPENSATION—REINSURANCE AGREEMENT.

A policy of reinsurance entered into in another state between the Illinois insurer of a Michigan employer's Michigan workmen's compensation liability to Michigan employees and the New Hampshire reinsurer and providing that the liability of the reinsurer was to follow that of the insurer was governed by the law of this state, because the contract was to be performed in this state.

8. WORKMEN'S COMPENSATION—IMPLEADER—TIMELINESS.

Employer of workmen's compensation claimant could not implead its liability insurer, the reinsurer of the liability insurer, and the liquidator of the insurer, which had become insolvent, where

the insurers and the liquidator were not impleaded until after an order had been entered by a workmen's compensation department referee determining that the employer was liable to his employee, the employer did not appeal the referee's order to the Workmen's Compensation Appeal Board, and the attempt to implead was made in a circuit court action brought by the claimant employee when the employer failed to make the ordered payments, because jurisdiction for determination of issues concerning exclusiveness and conditions of liability in a workmen's compensation case initially lie with the Workmen's Compensation Department.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 March 9, 1970, at Detroit. (Docket Nos. 6537, 6560.) Decided December 9, 1970. Leave to appeal granted February 19, 1971. 384 Mich 808.

Jack Federoff presented his claim for workmen's compensation against Ewing Roofing and Sheet Metal Company; Peerless Insurance Company; and John F. Bolton, Jr., Illinois Director of Insurance and Liquidator of the Highway Insurance Company. Benefits granted. Peerless Insurance Company added as party defendant. Defendants appeal. Affirmed.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 March 9, 1970, at Detroit. (Docket No. 7359.) Decided December 9, 1970.

John H. Shannon presented his claim for workmen's compensation against Star Wrecking Company; John F. Bolton, Jr., Illinois Director of Insurance and Liquidator of the Highway Insurance Company; Peerless Insurance Company; and Jack Norman Creswell and Excess Insurance Company. Benefits granted. Complaint for enforcement in Wayne County Circuit Court. Summary judgment

for defendant reinsurers. Plaintiff appeals. Defendant reinsurers cross-appeal. Affirmed.

*Liss & Newman,* for plaintiff Jack Federoff.

*Seymour H. Mandell* (*Paul B. Newman,* of counsel), for defendant William J. Ewing.

*Lacey & Jones* (*E. R. Whinham, Jr.,* of counsel), for defendant Peerless Insurance Company.

*Honigman, Miller, Schwartz & Cohn* (*Asher Rabinowitz,* of counsel), for defendant John F. Bolton, Jr., *Kelman, Loria, Downing & Schneider* (*John W. Simpson, Jr.,* of counsel) for plaintiff John H. Shannon.

*Mansfield, Sulzbach & Jones,* for Star Wrecking Company.

Before: T. M. Burns, P. J., and Holbrook and Bronson, JJ.

Holbrook, J. These appeals, which have been consolidated, deal with two cases with similar factual situations. Both cases are concerned with recovery of workmen's compensation benefits by injured employees, plaintiffs Jack Federoff and John H. Shannon.

The question which is dispositive of these cases is whether the workmen's compensation department has made adequate determinations of the compensation controversies in question so as to properly allow for review by this Court.

Both plaintiffs, Jack Federoff and John H. Shannon, were injured by falls from roofs while working. Shannon was injured September 1, 1959, while in the employ of defendant Star Wrecking Company,

Inc., and, as a result, is paralyzed from the waist down. Prior to Shannon's employment with Star, he had also suffered the loss of an eye. Federoff was injured September 6, 1960, while employed by defendant Ewing Roofing and Sheet Metal Company, and sustained complete paralysis of all four extremities.

In 1959 and 1960, when plaintiffs Federoff and Shannon suffered the injuries in question, their employers, Ewing and Star, respectively, had each insured their workmen's compensation liability with Highway Insurance Company, an Illinois corporation. Highway, in turn, had written a reinsurance agreement with Peerless Insurance Company, a New Hampshire corporation, and Peerless had reinsured a portion of its risk with Excess Insurance Company, Ltd., a British corporation. Following their injuries, Federoff and Shannon were voluntarily paid workmen's compensation benefits by Highway Insurance Company until sometime in June of 1967 and it appears that Highway was reimbursed for such payments by Peerless Insurance Company in accordance with the provisions of the agreement executed between them. On July 28, 1967, a decree was entered by the Circuit Court of Cook County, Illinois, *nunc pro tunc* as of July 6, 1967, declaring Highway insolvent and ordering it placed in the hands of the statutory liquidator, the director of the Illinois Department of Insurance, defendant John F. Bolton, Jr.

In the Federoff case, plaintiff filed a claim with the Michigan workmen's compensation department on August 18, 1967, claiming benefits under the workmen's compensation act. Defendant Ewing Roofing and Sheet Metal Company was named the employer in this claim. Hearing was had on the claim before a hearing referee on December 13, 1967,

following which plaintiff was granted the benefits of the workmen's compensation act for total and permanent disability,[1] on December 18, 1967. The decision in the case was mailed to the employer January 2, 1967. From this determination defendant-employer, Ewing, sought, and was granted, a delayed appeal by the Workmen's Compensation Appeal Board in February 1968.

During the pendency of the appeal before the appeal board, on March 29, 1968, plaintiff Federoff made a motion, joined in by defendant Ewing, to add Peerless Insurance Company as a party defendant to the action, contending that, in view of the default in payments and the insolvency of Highway Insurance Company, Peerless stands in the shoes of Highway, pursuant to the reinsurance agreement, and is obliged to resume payments directly to plaintiff. In response to that motion Peerless Insurance Company entered a special appearance objecting to the jurisdiction of the appeal board and contending in part that to make Peerless a party to the appeal when it had not been a party at the hearing before the referee would be to deny Peerless its right to a fair hearing. The appeal board, by opinion and order dated October 24, 1968, determined that Peerless Insurance Company and Highway Insurance Company should be made parties defendant, and that the matter should be remanded to the workmen's compensation department. The appeal board stated in its opinion on review in part as follows:

"*We direct attention to the fact that the order entered by the referee is not a final order upon the issues as it is here being reviewed.* The referee's order was entered on January 2, 1968. Plaintiff sought to enforce the order on the same date that

---

1 CL 1948, § 412.10 (Stat Ann 1968 Rev § 17.160); see, currently, MCLA § 418.361 (Stat Ann 1970 Cum Supp § 17.237[361]).

it was mailed to the employer. The employer has shown just cause why he should be granted review of the order entered by the referee * * * . Even if we assume that the order entered against the employer was in fact enforced by plaintiff and reduced to judgment by the circuit court the fact remains that the employer has a right to proceed and seek judgment against those who insured his liability. We shall note hereinafter that plaintiff also has a right to enforce in his own name the liability of any insurance company who insured the employer's liability in 'whole or in part'. Jurisdiction granted to the administrators of the compensation act by the legislature included 'any controversy concerning compensation'. (MSA 17.180.)[2] The claim of Peerless, to the contrary, is without merit.

"It is claimed that the appeal board is without authority to add Peerless as a party defendant because Highway and Peerless are both residents of other states and any agreement entered into between them are immune to Michigan laws and are controlled by laws of the state where they are domiciled. The simplicity of a phone call to the Director of Michigan's Insurance Department will disclose that both Highway and Peerless were authorized to write insurance contracts in the state of Michigan. This is public information. (See MSA 24.1234.)[3] The commissioner of insurance is vested with the authority to examine all books, records, documents, and papers of any insurance company authorized to do business in Michigan, and all foreign insurance companies are subject to the same rules and laws as are domestic companies. (MSA 24.1222.)[4] Section 1, Part IV of the compensation act requires such an authorization by the commissioner of insurance and, in addition, requires all contracts to comply with the terms of Michigan's workmen's

---

[2] MCLA § 413.6 (Stat Ann 1968 Rev § 17.180).
[3] MCLA § 500.234 (Stat Ann 1957 Rev § 24.1234).
[4] MCLA § 500.222 (Stat Ann 1957 Rev § 24.1222).

compensation statute before any insurance company can insure the risks of Michigan's employers subject to the provisions of the compensation act. Any provisions of such insurance contracts which are not in conformity with the workmen's compensation statute are null and void. (MSA 17.197.)[5] It is apparent, therefore, that foreign insurance companies, upon proper authorization, are permitted to do business in Michigan but are not exempt from Michigan's laws governing their responsibility, directly or indirectly, to the citizens of Michigan.

* * *

"In the past this Appeal Board accepted statements of counsel made at oral review hearings and acted accordingly to dispose of the rights of the parties. Orders so entered, however, were held by the Court of Appeals to not be supported by competent proofs. * * * *We have * * * assumed the validity of the reinsurance contract only for the purpose of disposing of the motion before us.* Peerless claims that to make them a party to the appeal when they had not been a party to the prior hearing would deny them a right to a fair hearing. We agree and shall remand for further proceedings * * *.

*"We believe that all parties in interest will be better served if we set aside and hold for naught the referee's order dated December 18, 1967, and remand this matter for further proceedings.*

"Plaintiff's motion filed on review which was joined by the employer asking that Peerless be made a party-defendant is hereby granted. Highway Insurance Company is also declared a defendant in this matter. The entire matter is hereby remanded to the Director of the Workmen's Compensation Department with instructions to properly notify Peerless and Highway that they have been made a party to the proceedings and further to assign

5 MCLA § 414.3 (Stat Ann 1968 Rev § 17.197).

this matter to a *referee* who *shall,* pursuant to his statutory duty (MSA 17.182)[6] *make such inquiries and investigations as are necessary to ascertain the respective roles of all parties to these proceedings.* If necessary the referee should invoke his power of subpoena (MSA 17.176)[7] to secure any documents, books, or papers touching upon the matter under consideration * * * . *Upon hearing the matter he shall enter orders in accordance with the facts disclosed and not inconsistent with the above holding unless the facts presented so warrant. Any party in interest shall retain full rights of review upon timely appeal after entry of the referee's order in accordance with provisions of the statute."* (Emphasis supplied.)

From the appeal board's determination Peerless Insurance Company and the liquidator of Highway Insurance Company were granted leave to appeal to this Court.

It does not appear that a hearing upon remand has yet been had and, hence, no final decision of the department subject to review by this Court has been made.[8] In *Herman* v. *Theis* (1968), 10 Mich App 684, 690, it is stated:

"This Court will not engage in this evaluation of the facts or any of the merits of the claim, as such issues were not decided by a lower court or board, and we find that plaintiff's 'opinion' is mere conjecture, unsupported by any decision which we could reexamine. *Jurisdiction for the determination of those issues concerning exclusiveness and conditions of liability initially must lie with the compensation department* * * * . [T]he workmen's compensation department is the forum which properly considers questions of employment relationship,

---

[6] MCLA § 413.8 (Stat Ann 1968 Rev § 17.182).
[7] MCLA § 413.3 (Stat Ann 1968 Rev § 17.176).
[8] Const 1963, art 6, § 28.

injury, and compensation * * * . [T]he decision concerning the jurisdiction then being appealable to the appeal board and the courts, if plaintiff disagrees, as he does here." (Emphasis supplied.)

An injured employee, or other person entitled, is authorized, pursuant to the workmen's compensation act, to enforce in his own name the liability of any insurance company which may have insured, in whole or in part, liability for compensation.[9] The Workmen's Compensation Appeal Board's order remanding the matter for further proceedings before a hearing referee, including the naming of the insurance companies as parties-defendant, was not a final order and was permissible. *Prange* v. *Grand Rapids Lumber Co.* (1940), 295 Mich 40. The defendant employer, Ewing, was entitled to have its rights and obligations determined along with those of the insurer and the reinsurer in the forum established by statute[10] to determine such liability (*Herman* v. *Theis, supra*). Here, Peerless, as reinsurer, reinsured, pursuant to an agreement made in another state, a policy of insurance issued in Michigan, to a Michigan employer, covering a Michigan employee, who was injured in the State of Michigan. The reinsurance agreement in question stated that "the liability of the reinsurer shall follow that of the company." As stated in *George Realty Co.* v. *Gulf Refining Co.* (1936), 275 Mich 442, 451:

"We think the covenant here under consideration was intended to be performed in Michigan. The performance of such contracts is to be governed by

---

9 CL 1948, 414.2 (Stat Ann 1968 Rev § 17.196); see, currently, MCLA § 418.651 (Stat Ann 1970 Cum Supp § 17.237[651]).

10 CL 1948, 413.6 (Stat Ann 1968 Rev § 17.180) stated in part:

"Any controversy concerning compensation shall be submitted to the compensation commission." See, currently, MCLA § 418.841 (Stat Ann 1970 Cum Supp § 17.237[841]).

the law of the place where they are to be performed unless otherwise indicated in the contract.

" 'It is even more generally stated when the contract is to be performed at a place other than the place where it is made that the law of the place where the contract is to be performed will determine the validity, nature, obligation and effect of the contract, or in other words, in case of conflict the *lex solutionis* will prevail over the *lex loci contractus*.' "

Any portion of the Peerless-Highway contract that would have the effect of defeating the operation of the workmen's compensation act was inoperative under the statute.[11] It is the opinion of this Court that this state has sufficient interest in the reinsurance agreement in question to entitle the Michigan Workmen's Compensation Department to assert jurisdiction over and determine the rights and obligations of all the parties to this controversy. The referee will as directed, make findings, based upon evidence submitted at the hearing, as to the party or parties, if any, from whom plaintiff Federoff is entitled to compensation payments pursuant to the act. CL 1948, 413.5 (Stat Ann 1968 Rev § 17.178.)[12]

In the Shannon case the parties have stipulated to the facts. Proceedings were brought by plaintiff Shannon before the workmen's compensation department while medical and weekly benefits were being paid by Highway Insurance Company prior to its insolvency. Plaintiff's application, filed January 24, 1966, sought a hearing before the department against the Second Injury Fund of the State of Michigan for differential weekly benefits from the fund.[13] Plaintiff further claimed benefits of a

---

11 MCLA § 418.621 (Stat Ann 1970 Cum Supp § 17.237[621]).

12 See, currently, MCLA § 418.801 (Stat Ann 1970 Cum Supp § 17.237[801]).

13 CL 1948, § 412.9 (Stat Ann 1968 Rev § 17.159); see, currently, MCLA § 418.351 (Stat Ann 1970 Cum Supp § 17.237[351]).

weekly nature from the second injury fund,[14] in addition to differential benefits. On January 9, 1967, a hearing referee granted plaintiff an award against the second injury fund, requiring the fund to pay benefits of a differential nature, but in an amount which the fund contended was beyond the proper limits of its liability. From the referee's determination, the fund appealed to the Workmen's Compensation Appeal Board. Plaintiff cross-appealed to the board, claiming concurrent benefits from the fund and from the employer, Star Wrecking Company, Inc., for various periods not indicated in the record, as well as differential benefits. These appeals, filed in January, 1967, are apparently still pending before the appeal board, awaiting decision.

After the insolvency of Highway Insurance Company and following a hearing requested by plaintiff Shannon in the workmen's compensation department against his employer, Star Wrecking Company, Inc., notice of which was sent to all reinsurers, the hearing referee, on October 9, 1967, ordered Star to pay workmen's compensation benefits in accordance with the act. No determination was made concerning the reinsurers' obligation to the plaintiff, nor as to the jurisdiction of the workmen's compensation department over the reinsurers. The employer, Star, did not appeal the determination. No transcript of the proceedings before the referee is a part of the record on appeal.

Star Wrecking Company, Inc., after making some payments of weekly benefits, failed to continue complete and timely payments to plaintiff Shannon, whereupon plaintiff, on May 1, 1968, filed, in Wayne County Circuit Court, a complaint and motion for judgment against Star in accordance with the work-

---

14 CL 1948, § 412.8a (Stat Ann 1968 Rev § 17.158[1]); Repealed, PA 1969, No 317, MCLA § 418.899 (Stat Ann 1970 Cum Supp § 17.237 [899]).

men's compensation department decision of October 9, 1967. Star moved to implead the defendant-reinsurers and liquidator of Highway Insurance Company as third-party defendants. This motion was granted, the order of the circuit court noting the claim, set forth in the third-party complaint, that the impleaded parties may be liable to plaintiff or defendant Star Wrecking Company, Inc., for all or part of the plaintiff's claim against Star. A proposed judgment against Star only was approved as to form by counsel for Star and presented for entry. Objections to entry of judgment against Star were filed by the reinsurers who, along with the liquidator of Highway, sought summary judgments dismissing the third-party complaint. The Wayne County Circuit Court granted summary judgments to the third-party defendants on April 9, 1969, refusing entry of judgment against Star. Final judgment was filed April 28, 1969.

Plaintiff Shannon and defendant-employer Star Wrecking Company, Inc., appeal to this Court; the reinsurers cross-appeal for the purpose of putting in issue the reason for the granting of the liquidator's motion for summary judgment. Plaintiff Shannon, in August 1968, also filed a claim in the liquidation proceedings of Highway Insurance Company in Illinois, such claim specifically stating that it was to be without prejudice to any rights he may have as determined in the instant case.

The appealing parties place in issue the correctness of the circuit court's determination that the Uniform Insurers Liquidation Act,[15] is controlling of the case under consideration, so that the Star Wrecking Company, Inc., may not succeed in its action seeking remedies against the reinsurers of

[15] MCLA § 500.7836 *et seq.* (Stat Ann 1957 Rev § 24.17836 *et seq.*).

Highway Insurance Company for compensation payments pursuant to the Michigan Workmen's Compensation Act; the correctness of the court's decision as to the lack of liability of the reinsurers and liquidator of Highway Insurance Company in compensation proceedings in Michigan where such issues were not determined in the compensation department proceedings from which plaintiff Shannon brought the circuit court action for entry of judgment pursuant to CL 1948, 413.13 (Stat Ann 1968 Rev § 17.187),[16] and the finality of the compensation department's decision finding Star Wrecking Company, Inc., liable for compensation payments, where, as asserted in third-party defendants' brief on appeal:

"Plaintiff seeks weekly benefits for the same injury not only from the employer, but, because of the unusual circumstance of being blind in one eye prior to his employment and injury with Star Wrecking Company and the injury causing a specific loss (loss of legs), plaintiff also seeks weekly benefits from the Second Injury Fund. As the workmen's compensation act does not contemplate double weekly benefits except as a penalty to employers who have injured employees who are illegally employed minors, and does not contemplate joint or joint and several responsibility for workmen's compensation benefits, plaintiff's seeking a judgment here against the Star Wrecking Company is necessarily inconsistent with his administrative pursuit of the Second Injury Fund for identical relief".

CL 1948, 413.13 (Stat Ann 1968 Rev § 17.187), as it was in effect at the time of decision in this case, provided in part:

"Any party may present a certified copy of a decision made by the compensation commission, or any

---

16 See, currently, MCLA § 418.863 (Stat Ann 1970 Cum Supp § 17.237[863]), substantially similar to the language of the earlier provision.

member or deputy member thereof, in any compensation proceeding to the circuit court * * * *whereupon said court shall* * * * *render judgment in accordance therewith* unless proof of payment is made * * * ."

The decision of the hearing referee did not adequately determine the rights and obligations of all of the parties to this appeal. That decision stated in part:

"(Note-A wage of $118 per week minimum was found by a prior decision of the referee and this determination and other aspects of this decision of 1–9–67 are presently pending before the Workmen's Compensation Appeals Board.)

* * *

"Defendant(s) shall have credit for all benefits previously paid. (This dept. has been informed that the Highway Ins. Co. paid disability benefits thru 6–22–67 and that the $57 weekly benefit has been unpaid since that date.) With the insurance companies failure to pay benefits, The defendant Star Wrecking Company is directed to forthwith make these payments in accordance with the act. (For the information of all concerned, it is noted herein that Peerless Insurance Company and Lloyds of London both entered a special appearance in this case on 9–12–67 by Lacey and Jones, Attorneys. As there were no jurisdictional proofs presented as to this department's jurisdiction over said 'Carriers', this decision does not in any manner make any determination as to the rights or obligations of either Peerless Insurance Company or Lloyds of London."

We note that defendant Star Wrecking Company, Inc., did not appeal the determination of the hearing referee to the Workmen's Compensation Appeal Board, no doubt assuming that the liability of the reinsurers of Highway Insurance Company could

be put in issue and, if determined to exist, be enforced in the proceedings in circuit court, as was attempted here. As we hold in the Federoff case, however, we also reiterate here: jurisdiction for determination of issues concerning exclusiveness and conditions of liability initially must lie with the compensation department, the forum which properly considers compensation questions. *Herman* v. *Theis, supra.*

We rule that the circuit court was correct in its grant of summary judgment for the third-parties defendant. If the reinsurers are to be made liable for workmen's compensation payments, they must be impleaded and their rights and obligations determined, in the workmen's compensation original action prior to enforcement of a workmen's compensation determination in circuit court. A compensation award binds both insured and insurer in proceedings in which both participated.[17]

The decision of the circuit court granting summary judgment to third-parties defendant is affirmed, but without prejudice to the right of plaintiff Shannon to proceed with an appropriate action before the workmen's compensation department for a determination, pursuant to findings made a part of the record, of the rights and obligations of Star Wrecking Company, Inc., together with those of the reinsurers.

The Federoff case is remanded to workmen's compensation department for proceedings consistent with this opinion; the Shannon case is affirmed, but without prejudice to plaintiff to pursue relief before the workmen's compensation department.

All concurred.

---

[17] 25 Callaghan's Michigan Civil Jurisprudence, Workmen's Compensation, § 20, p 330.