## SZYDLOWSKI v GENERAL MOTORS CORPORATION

Docket No. 56793. Argued May 4, 1976 (Calendar No. 2).—Decided August 26, 1976.

Plaintiff Florence Szydlowski brought a wrongful death action against her deceased husband Jacob's former employer, General Motors Corporation, and against Riker Laboratories Corporation and Eli Lilly Corporation, alleging that Jacob had been treated by General Motors employees for injuries he received in the course of his employment and that as a result of the treatment he died of a heart attack. Wayne Circuit Court, Joseph A. Moynihan, Jr., J., granted summary judgment for defendant General Motors. The Court of Appeals, Bronson, P. J., and Brennan and Van Valkenburg, JJ., reversed (Docket No. 16548). General Motors appeals. *Held:*

When an employee's injury is within the scope of the Workmen's Compensation Act, workmen's compensation benefits are the exclusive remedy against the employer. The complaint alleged the plaintiff's husband was a General Motors employee injured in the course of his employment, and that his employer had a statutory duty to provide medical services. The complaint, therefore, concerned matters for the Workmen's Compensation Bureau, not for the circuit court, for an initial determination as to jurisdiction and liability.

The decision of the Court of Appeals is reversed and the judgment of the trial court affirmed.

Justice Williams concurred specially, observing that the plaintiff is without prejudice to pursue further action under the Workmen's Compensation Act.

59 Mich App 180; 229 NW2d 365 (1975) reversed.

1. Workmen's Compensation—Exclusive Remedy—Jurisdiction.

Workmen's compensation benefits are the exclusive remedy against an employer when an employee's injury is within the scope of the act (MCL 418.131; MSA 17.237[131]).

Reference for Points in Headnotes

[1, 2] 81 Am Jur 2d, Workmen's Compensation §§ 50, 51.

2. Workmen's Compensation—Jurisdiction.

> A plaintiff's remedy against an employer based on an injury allegedly arising out of an employment relationship properly belongs within the Workmen's Compensation Bureau for initial determination as to jurisdiction and liability (MCL 418.131; MSA 17.237[131]).

*Dice, Sweeney & Sullivan, P. C.* (by *Joseph Levin)* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *R. E. Rutt* and *Jeannette A. Paskin)* *(Frazer F. Hilder,* of counsel) for defendant General Motors Corporation.

Coleman, J. Plaintiff's husband, an employee of General Motors, died on February 4, 1969. A claim for workmen's compensation was filed September 16, 1970 and dismissed for no progress on July 26, 1971. A second claim was filed August 26, 1971 and dismissed for no progress December 11, 1972.

Plaintiff filed a wrongful death action in circuit court on February 4, 1972. She claimed that her husband was a GM employee and had received certain injuries during the course of his employment. GM treated the injuries and the death was attributed to the improper administration of medicine and drugs "by non-physician personnel of General Motors Corporation". This was said to violate General Motors' statutorily imposed warranty that employees "would receive 'reasonable medical, surgical and hospital services' ".

The circuit court granted a motion for summary judgment saying that "Plaintiff's exclusive right is the Workmen's Compensation Act". In reversing, the Court of Appeals held

> "that the circuit court does have subject matter jurisdiction, concurrent with the workmen's compensation

bureau, to determine whether the exclusive remedy provision, MCLA 418.131; MSA 17.237(131), forces Szydlowski to return to that forum to seek relief. We hold further that Szydlowski's complaint has stated a cause of action sufficient to avoid summary judgment under GCR 1963, 117.2(1)." 59 Mich App 180, 186; 229 NW2d 365 (1975).

This is a clearly erroneous conclusion. In *Solakis v Roberts,* 395 Mich 13, 20; 233 NW2d 1 (1975), we said that when "an employee's injury is within the scope of the act, workmen's compensation benefits are the exclusive remedy against the employer. MCLA 418.131; MSA 17.237(131)." MCLA 418.841; MSA 17.237(841) provides that "all questions arising under this act shall be determined by the bureau".

The circuit court complaint said plaintiff's husband was a GM employee who received injuries in the course of his employment. Defendant was said to have a statutory duty to provide medical service. This claim is based upon a section of the compensation act. MCLA 418.315; MSA 17.237(315). The complaint concerned matters for the Workmen's Compensation Bureau, not for the circuit court.

In *Herman v Theis,* 10 Mich App 684, 688–689; 160 NW2d 365 (1968), the Court of Appeals made this analysis:

"Acceptance of plaintiff's argument that the workmen's compensation act does not apply because he does not fall under the conditions of recovery, with the result that he should be permitted to go to court on a common-law negligence theory, is contrary to the intent of the legislature in creating the act, *i.e.,* that compensation be provided therein to employees for injury arising out of and in the course of employment. See

*Andrejwski v Wolverine Coal Co,* 182 Mich 298 [148 NW 684] (1914); *Johns v Wisconsin Land & Lumber Co,* 268 Mich 675 [256 NW 592] (1934). Issues concerning injuries and whether they grew 'out of and in the course of the employment relationship' are to be exclusively within the purview of the workmen's compensation department, and the merits of such a claim are to be first evaluated by the department."

The panel "found that a plaintiff's remedy against an employer based on an injury allegedly arising out of an employment relationship properly belongs within the workmen's compensation department for initial determination as to jurisdiction and liability". Also see *Federoff v Ewing,* 29 Mich App 1; 185 NW2d 79 (1970), and *St Paul Fire & Marine Insurance Co v Littky,* 60 Mich App 375; 230 NW2d 440 (1975).

In this case the Court of Appeals panel said "the continuing vitality of *[Theis]* is open to serious question". We find that *Theis* accurately states the law and reminds us that the procedures for workmen's compensation cases have been statutorily established. It properly cautions us against a shortcut or circumvention of those procedures.

The Court of Appeals is reversed and the trial court is affirmed.

KAVANAGH, C. J., and FITZGERALD, LINDEMER, and RYAN, JJ., concurred with COLEMAN, J.

WILLIAMS, J. I concur, with the observation that plaintiff is without prejudice to pursue further action under the Workmen's Compensation Act.

LEVIN, J., took no part in the decision of this case.