# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN JAMES,

       Plaintiff-Appellant,

UNPUBLISHED
June 23, 2015

v

FACILITY MATRIX GROUP and BILLY
JOHNSON,

No. 321442
Oakland Circuit Court
LC No. 2012-129264-NO

       Defendants-Appellees.

Before: MARKEY, P.J., and OWENS and GLEICHER, JJ.

PER CURIAM.

The issue in this case is whether plaintiff, Kevin James, was an employee of Facility Matrix Group (FMG) when he suffered an accidental injury so that plaintiff's sole and exclusive remedy under Michigan law against defendants FMG and Billy Johnson is under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq*. See *James v Commercial Carriers, Inc*, 230 Mich App 533, 536; 583 NW2d 913 (1998); *Fletcher v Harafajee*, 100 Mich App 440, 442; 299 NW2d 53 (1980); MCL 418.131(1) ("The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease."). The trial court granted defendants' motion for summary disposition and plaintiff appeals by right. We affirm.

## I. SUMMARY OF FACTS & PROCEEDINGS

Defendant Billy Johnson is an employee of FMG, and plaintiff's uncle. Johnson was instructed by his supervisor to locate men willing to work as temporary laborers to help remove wooden pallets that had accumulated on the FMG property. Johnson had two unemployed nephews, plaintiff and Anthony Smith, who agreed to work on the pallet job for $100 in compensation per day. Johnson brought plaintiff and Smith to the FMG facility on the day of the accident. Plaintiff was using FMG's forklift (hi-lo) to load pallets onto a truck to then be hauled away from the FMG facility. At some point, the forklift became stuck in broken parts of asphalt paving near where the pallets were stored. Johnson attached a tow strap between the front of the forklift and the rear of the truck that was being used to haul away the pallets. Johnson then attempted to pull the forklift free while plaintiff remained in its operator's seat. As Johnson successfully pulled the forklift out of the pothole, one of its wheels struck a rock, which caused the forklift to tip over on top of plaintiff's right leg, causing severe injuries.

-1-

Plaintiff initially sought worker's compensation benefits, which FMG opposed by filing a "Notice of Dispute" that asserted: "Claimant is not an employee of insured." Thereafter, plaintiff filed this tort action against defendants. FMG then reversed its legal position by asserting that plaintiff was its employee when he was injured and began paying worker's compensation benefits. FMG asserted as an affirmative defense to plaintiff's complaint that plaintiff's tort claims against FMG were barred by the exclusive remedy provision of the WDCA. FMG also filed with the Worker's Compensation Agency (WCA), a "Notice of Compensation Payments" that indicated payments to plaintiff of $73.88 per week starting April 28, 2012. The notice also stated that FMG paid benefits of $2,617.46 in 2012 and $3,915.31 in 2013. FMG continued to attempt to pay WDCA benefits to plaintiff by sending payments to plaintiff's attorney.

Plaintiff filed his first amended complaint on August 9, 2013, which asserted theories of automobile negligence, premises liability, and general negligence. On January 28, 2014, defendants filed a motion for summary disposition under MCR 2.116(C)(10) on the basis of the exclusive remedy provision WDCA because plaintiff was an employee of FMG under the terms of MCL 418.161(1)(*l*) and not divested of "employee" status under MCL 418.161(1)(n). FMG argued that plaintiff failed to satisfy *any* of the statutory exception criteria: (1) plaintiff did not maintain a separate business; (2) plaintiff did not hold himself out to and render service to the public, and (3) plaintiff was not an employer subject to the WDCA. In support of its motion, FMG attached the depositions of plaintiff and his cousin Anthony Smith.

In response to the motion, plaintiff asserted he was not an employee of FMG because the $100 compensation was insufficient to establish a "contract of hire." MCL 418.161(1)(*l*); *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 576; 592 NW2d 360 (1999). Plaintiff also pointed to responses FMG filed with the WCA in which FMG denied that plaintiff was its employee. Plaintiff also asserted that FMG continued to refuse to pay WDCA benefits to plaintiff. Further, plaintiff argued that his status should be decided by the WCA under MCL 418.841(1), which provides in part, that "[a]ny dispute or controversy concerning compensation or other benefits shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau or a worker's compensation magistrate, as applicable."

In its reply to plaintiff's response, FMG acknowledged that it had changed its legal position and that its position was now unequivocal that plaintiff was its employee. Further, FMG asserted that for the last six months it had been trying to pay plaintiff WDCA benefits by sending checks to plaintiff's counsel, but none had been cashed. Defendants also asserted that the circuit court had the jurisdiction to decide the fundamental issue of whether plaintiff was an employee of FMG. *Sewell v Clearing Machine Corp*, 419 Mich 56, 62; 347 NW2d 447 (1984). Further, citing *Reed v Yackell*, 473 Mich 520, 532; 703 NW2d 1 (2005), $100 per day compensation was sufficient to establish a "contract of hire."

The parties presented their arguments on the motion to the trial court at a hearing on April 2, 2014. The trial court ruled from the bench, citing *Sewell*, 419 Mich at 62, that it had jurisdiction to decide whether plaintiff was an employee of FMG on the day of the accident. The court also ruled that the undisputed evidence established plaintiff constituted an employee of FMG under MCL 418.161(1)(*l*) on the day of the accident under an implied contract because "plaintiff expected to be paid by defendant for lifting and removing the subject wooden pallets from defendant's place of business, and, in turn, defendant expected to compensate plaintiff for

this work." The trial court next considered MCL 418.161(1)(n) and ruled that "there is no dispute that plaintiff does not maintain a separate business, that plaintiff does not hold himself out to and render service to the public, and that plaintiff is not an employer subject to the Workers' Disability Compensation Act." Thus, the trial court ruled that plaintiff was an employee of FMG because he was "in the service of another, under any contract of hire, express or implied," MCL 418.161(1)(*l*), and not excluded under MCL 418.161(1)(n). Consequently, the trial court granted defendants' motion for summary disposition under the exclusive remedy provision of the WDCA, MCL 418.131(1). Plaintiff now appeals by right.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *DeFrain v State Farm Mutual Automobile Ins Co*, 491 Mich 359, 366; 817 NW2d 504 (2012). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim and must be supported by affidavits, depositions, admissions, or other documentary evidence. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). When deciding the motion, the trial court must view the substantively admissible evidence submitted up to the time of the motion in a light most favorable to the party opposing the motion. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). Summary disposition is proper if the evidence, affidavits, pleadings, and admissions viewed in a light most favorable to the other party demonstrate that there is no genuine issue of any material fact, and a party is entitled to judgment as a matter of law. *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 291; 778 NW2d 275 (2009). A question of material fact issue exists "when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Plaintiff also raises some sub-issues that are also reviewed de novo. Whether the trial court has subject-matter jurisdiction is a question of law reviewed de novo on appeal. *Kar v Nanda*, 291 Mich App 284, 286; 805 NW2d 609 (2011). Application of the doctrine of equitable estoppel is reviewed de novo, but any factual findings of the trial court are reviewed for clear error. *AFSCME Int'l Union v Bank One*, 267 Mich App 281, 293; 705 NW2d 355 (2005).

### B. EQUITABLE ESTOPPEL

Plaintiff first argues that because FMG initially responded to plaintiff's worker's compensation claim by asserting that plaintiff was not its employee, FMG should be equitably estopped to assert the contrary position in the instant tort action. We disagree.

Plaintiff has failed to establish the elements of equitable estoppel. The underlying facts of plaintiff's relationship with FMG have not been disputed, and plaintiff was at all times fully aware of these underlying facts. Whether plaintiff is an "employee" for purposes of the WDCA is a question of law. *Oxley v Dep't of Military Affairs*, 460 Mich 536, 540; 597 NW2d 89 (1999); *McCaul v Modern Tile & Carpet*, 248 Mich App 610, 615; 640 NW2d 589 (2001). Thus, the undisputed facts either show that plaintiff is an employee of FMG, or they do not.

-3-

The doctrine of equitable estoppel may be applied when "(1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts." *Conagra, Inc v Farmers State Bank*, 237 Mich App 109, 141; 602 NW2d 390 (1999); see also *Bank One*, 267 Mich App at 293. The doctrine does not apply in this case because FMG's initial statement in the WCA proceedings regarding its legal position of whether plaintiff was its employee was (1) not a fact per se, (2) could not have induced justifiable reliance by plaintiff because the underlying facts on which FMG's position was based were known and not disputed, and (3) plaintiff was not prejudiced by the change in FMG's legal position. Plaintiff has not been prejudiced in his WDCA proceeding, which must be based on plaintiff's claim that he is an employee of FMG. Indeed, FMG now agrees with plaintiff that he is entitled to worker's compensation benefits. Plaintiff has also not been prejudiced in the instant case because based on the undisputed facts, plaintiff either is or is not an employee under the terms of the WDCA as a matter of law. See *Oxley*, 460 Mich at 540; *McCaul*, 248 Mich App at 615. Furthermore, FMG's statement of its legal position cannot alter whether plaintiff was an employee of FMG at the time of his injury. Thus, equitable estoppel does not bar FMG from asserting in this action that plaintiff is its employee and that the exclusive remedy provision of the WDCA applies. Plaintiff has not shown that FMG made a statement of fact on which plaintiff justifiably relied to his detriment. *Conagra*, 237 Mich App at 141.

## C. SUBJECT-MATTER JURISDICTION

Plaintiff next argues that the WCA has exclusive jurisdiction to decide the question of whether he was an employee of FMG under MCL 418.841(1). Plaintiff cites *St Paul Fire & Marine Ins Co v Littky*, 60 Mich App 375, 377-378; 230 NW2d 440 (1975) in support of this argument. We disagree.

Plaintiff relies on MCL 418.841(1), which provides: "Any dispute or controversy concerning compensation or other benefits shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau or a worker's compensation magistrate, as applicable." Although nothing in the plain language of this section indicates that the worker's compensation agency has *exclusive* jurisdiction, in *St Paul Fire*, 60 Mich App at 378, the Court read this provision "to mean that the resolution of all disputes relating to workmen's compensation is vested exclusively in the Workmen's Compensation Bureau." *St Paul Fire* has precedential effect but because it was decided before November 1, 1990, it is not binding on this Court. MCR 7.215(C)(2), (J)(1). Also, whether there existed an employee-employer relationship and the exclusive remedy provision of § 131(1) were not at issue in *St Paul Fire*.

Subsequently, in *Szydlowski v General Motors Corp*, 397 Mich 356; 245 NW2d 26 (1976), our Supreme Court cited *St Paul Fire* with approval. In *Szydlowski*, the plaintiff initially filed two claims for worker's compensation benefits, but the claims were dismissed for lack of progress. *Id*. at 357. Thereafter, the plaintiff brought a wrongful death action in the circuit court that alleged that plaintiff's husband was a General Motors (GM) employee who was injured in the course of his employment. *Id*. at 357-358. The plaintiff's theory was that GM breached its duty under § 315 of the WDCA, MCL 418.315 with respect to providing medical services. *Id*. The circuit court dismissed the case on the basis that the plaintiff's exclusive remedy was under

the WDCA, but this Court reversed, holding that the circuit court had concurrent jurisdiction. *Id*. The *Szydlowski* Court reversed, citing MCL 418.841, and holding that because the claim was based on the WDCA, the "complaint concerned matters for the Workmen's Compensation Bureau, not for the circuit court." *Id*. at 358. The Court opined that "[i]ssues concerning injuries and whether they grew 'out of and in the course of the employment relationship' are to be exclusively within the purview of the workmen's compensation department, and the merits of such a claim are to be first evaluated by the department." *Id*. at 359. The Court further opined "that a plaintiff's remedy against an employer based on an injury allegedly arising out of an employment relationship properly belongs within the workmen's compensation department for initial determination as to jurisdiction and liability". *Id*.

Neither *Szydlowski* nor *St Paul Fire* addressed the issue of whether an employer-employee relationship existed or whether the exclusive remedy provision of MCL 418.131(1) applied. But the exact issue here was presented in *Sewell*, 419 Mich 56:

> The issue before us today is whether, in an action in a circuit court seeking damages for personal injury, the circuit court has jurisdiction to decide whether the defendant is the plaintiff's employer and thus able to invoke the exclusive remedy provision of the Worker's Disability Compensation Act. MCL 418.131; MSA 17.237(131). We hold that the circuit court has jurisdiction to make this determination. [*Sewell*, 419 Mich at 57-58.]

The Court first stated that the WDCA does have exclusive jurisdiction of some matters, quoting *Sewell v Bathey Mfg Co*, 103 Mich App 732, 737; 303 NW2d 876 (1981), as follows:

> "It is also beyond peradventure that the question whether the act applies to a particular injury, *i.e.*, whether an injury arose out of and in the course of a worker's employment (and thus is compensable under the act), is a question to be resolved in the first instance exclusively by the Bureau of Workmen's Compensation. *Szydlowski v General Motors Corp*, 397 Mich 356, 358-359; 245 NW2d 26 (1976), *St Paul Fire & Marine Ins Co v Littky*, 60 Mich App 375, 377-378; 230 NW2d 440 (1975), MCL 418.841; MSA 17.237(841)." [*Sewell*, 419 Mich at 62.]

The Court then explained that these general statements have limits:

> Taken alone, those general statements suggest that the bureau's jurisdiction takes precedence over that of the circuit court whenever there is an issue concerning the applicability of the Worker's Disability Compensation Act. The rule is not so broad, however. Properly stated, the *Szydlowski* principle is that the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were in the course of employment. The courts, however, retain the power to decide the more fundamental issue whether the plaintiff is an employee (or fellow employee) of the defendant. [*Sewell*, 419 Mich at 62.]

Our Supreme Court's opinion in *Sewell* is binding precedent that this Court must follow. *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 674; 760 NW2d 565

(2008). Consequently, plaintiff's argument that the circuit court lacked jurisdiction to decide whether plaintiff was an employee of FMG is without merit. *Sewell*, 419 Mich at 57-58, 62.

## D. SUMMARY DISPOSITION

Plaintiff presents two main arguments that the trial court erred granting summary disposition to defendants. First, plaintiff argues that a "contract of hire" did not exist between FMG and him under MCL 418.161(1)(*l*). See *Hoste*, 459 Mich at 573-576. Specifically, plaintiff argues that he was paid only $100 "under the table," signed no documents, had no uniform, did not "punch in" or "punch out," and did not receive "substantial consideration as would be expected to induce a reasonable person to give up the valuable right of a possible claim against the employer in a tort action[.]" *Id*. at 576.

Under MCL 418.161(1)(n), a person performing service for an employer is an employee if "the person [1] in relation to this service does not maintain a separate business, [2] does not hold himself or herself out to and render service to the public, and [3] is not an employer subject to this act." Plaintiff concedes that [1] and [3] weigh against him, but that he is still not an employee because he is a trained hi-lo (forklift) operator who held himself out to the public as such. Plaintiff also argues that FMG did not satisfy its burden of showing there were no disputed issues of material fact regarding whether plaintiff held himself out to the public as a hi-lo operator.

We note that while this case has been pending the law regarding MCL 418.161(1)(n) has fluctuated. Our Supreme Court decided *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 497 Mich 13; 857 NW2d 520 (2014), which reversed this Court's special panel decision, 303 Mich App 288; 845 NW2d 744 (2013), which had overruled *Amerisure Ins Cos v Time Auto Transp, Inc*, 196 Mich App 569; 493 NW2d 482 (1992). *Amerisure* had "held that each criterion of MCL 418.161(1)(n) must be satisfied for an individual to be an employee." *Auto-Owners*, 497 Mich at 17. Our Supreme Court concluded that *Amerisure* was correctly decided and that "[e]ach criterion of MCL 418.161(1)(n) must be satisfied for an individual to be considered an employee; conversely, failure to satisfy any one of the three criteria will *exclude* an individual from employee status." *Id*. at 19-20.

We conclude that the trial court properly granted defendants summary disposition because the undisputed evidence established an employee-employer relationship between plaintiff and FMG under an implied contract that satisfied the "of hire" standard of § 161(1)(*l*). See *Hoste*, 459 Mich at 574-576. And, because the undisputed evidence also established that plaintiff was not excluded from employee status by any of the three criteria of § 161(l)(n), *Auto-Owners*, 497 Mich at 19-20, the trial court properly granted defendants summary disposition on the basis of the exclusive remedy provision of the WDCA, MCL 418.131(1).

Under the WDCA, both MCL 418.161(1)(*l*) and MCL 418.161(1)(n) "must be read together as separate and necessary qualifications in establishing employee status." *Hoste*, 459 Mich at 573. First, a determination must be made whether § 161(1)(*l*) applies. *Id*. MCL 418.161(1)(*l*), formerly MCL 418.161(1)(b), provides in pertinent part: "(1) As used in this act, 'employee' means: (*l*) Every person in the service of another, under any contract of hire, express or implied . . . ." An implied employment contract will arise when one party performs services

under the expectation of compensation from another party who expects to pay the other party for the services rendered. See *Reed*, 473 Mich at 531. Additionally, to satisfy § 161(1)(*l*), the employment "contract" must be "of hire"—meaning the compensation to be paid must be "intended as wages" and not merely "a gratuity or privilege that serves merely as an accommodation." *Hoste*, 459 Mich at 575; see also *Reed*, 473 Mich at 532 ("the linchpin to determining whether a contract is 'of hire' is whether the compensation paid for the service rendered was not merely a gratuity but, rather, 'intended as wages'").

In this case, the undisputed evidence showed that Billy Johnson, an employee of FMG, was instructed by his supervisor to recruit a couple of day laborers to help remove unwanted pallets that had accumulated on FMG's property. Johnson recruited two unemployed nephews, plaintiff and Anthony Smith, who agreed to work on the one or two day pallet-removal job for the compensation of $100 per day. Plaintiff had prior work experience operating a forklift or hi-lo, but according to Johnson, this was not why plaintiff was recruited. Johnson brought plaintiff and Smith to the FMG facility on the day of the accident. There, plaintiff operated FMG's forklift (hi-lo) to load pallets onto a truck to be hauled away from the FMG facility. Plaintiff testified he expected to be paid $100 for his day of work, and FMG expected to and did pay plaintiff $100 cash for the work he performed. Based on this evidence, the trial court did not err by concluding there was an implied contract for employment. *Reed*, 473 Mich at 531.

The trial court also correctly ruled that the implied employment contract between plaintiff and FMG satisfied the "of hire" requirement of § 161(1)(*l*). The contracted for compensation of $100 for a day of work was clearly "intended as wages" and not merely "a gratuity or privilege that serves merely as an accommodation." *Hoste*, 459 Mich at 575; see also *Reed*, 473 Mich at 532 (the linchpin of whether a "contract of hire" exists is whether the compensation paid for the service rendered was intended as wages, not merely a gratuity or an accommodation). Plaintiff's argument that the payment was "cash under the table"—without government paperwork—is unavailing. This argument does not alter the fact that a real wage was agreed to and paid for real work. Similarly unpersuasive is plaintiff's argument that the wage promised and paid of $100 per day was too insubstantial to satisfy the exemplar stated in *Hoste*, 459 Mich at 576, that "wages" must be "real, palpable and substantial consideration as would be expected to induce a reasonable person to give up the valuable right of a possible claim against the employer in a tort action and as would be expected to be understood as such by the employer."

Defendants correctly argue that the *Hoste* exemplar cannot mean that whether compensation is "intended as wages" must be determined with the aid of hindsight after an accident has occurred to determine if adequate compensation induced a waiver of a tort claim. It would be difficult if not impossible to attempt to value a non-existent tort claim at the point of wage negotiation. Nothing in the language of § 161(1)(*l*) requires such clairvoyance to determine if compensation is intended as wages for a "contract of hire." The validity of this conclusion is also bolstered when reading the *Hoste* exemplar in the context of what precedes it and its explanatory footnote. Specifically, all that is required for compensation "to satisfy the 'of hire' requirement" is that the "compensation must be payment intended as wages[.]" *Hoste*, 459 Mich at 576. Again in a footnote, the Court explained "the overarching principle that the 'of hire' element requires that the payment of compensation have been intended as wages." *Id.*, n 11. The Court also clarified that whether compensation is intended as wages does not turn on a minimum value, "noting that in most cases there is no question that the 'of hire' element of

subsection [161(1)(*l*)] is satisfied because there is no question that the payments are intended as a wage." In this case, there is no question that the payment of $100 for a day of work was intended as a wage, thus satisfying the "of hire" requirement of § 161(1)(*l*).

The second prong to be satisfied to be an "employee" under the WDCA is MCL 418.161(1)(n), which provides: "(1) As used in this act, "employee" means: (n) Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person [1] in relation to this service does not maintain a separate business, [2] does not hold himself or herself out to and render service to the public, and [3] is not an employer subject to this act." (Brackets added). While this appeal was pending, our Supreme Court held that this awkwardly worded subsection requires that "[e]ach criterion of MCL 418.161(1)(n) must be satisfied for an individual to be considered an employee; conversely, failure to satisfy any one of the three criteria will *exclude* an individual from employee status." *Auto-Owners*, 497 Mich at 20. Thus, "if a person, in relation to the service in question, maintains a separate business *or* holds himself or herself out to and renders service to the public *or* is an employer subject to this act (i.e., if the person fails to satisfy any one of the three criteria), then that person is excluded from employee status." *Id*. at 19.

Plaintiff concedes that the first and third criteria of § 161(1)(n) weigh against his argument, but that he was not an employee of FMG because he is a trained and certified hi-lo (forklift) operator who held himself out to the public as a hi-lo operator. While the record supports that plaintiff had held two jobs before the accident at which he operated a hi-lo or forklift as part of his work responsibilities, plaintiff brought forward no evidence that supports he held himself out to render such services to "the public." The statute does not define the word "public," and it is not a technical word, so it must be accorded its plain and ordinary meaning. *Kar*, 291 Mich App at 287-288; *McCaul*, 248 Mich App at 619. "When a term is undefined by a statute, this Court may look to dictionary definitions to aid its interpretation." *Kar*, 291 Mich App at 288. In the context of the phrase "does not hold himself or herself out to and render service to the public," in § 161(1)(n), "public" must mean "the people as a whole[.]" *Merriam Webster's Collegiate Dictionary* (11th ed). In this case, while plaintiff may have had a skill that he could market to prospective employers, there is no evidence in the record that plaintiff held himself out to the public as a forklift operator or that he performed such service for the general public.

Plaintiff also argues that FMG failed its obligation under MCR 2.116(G)(3)[1] to prove that the undisputed evidence showed that plaintiff did not hold himself out to the public as a hi-lo operator. This contention is without merit. FMG satisfied its burden under MCR 2.116(G)(4) of identifying that undisputed evidence showed plaintiff was not excluded as an employee because he failed to meet any of the criteria of § 161(1)(n). FMG also supported this contention with the deposition testimony. MCR 2.116(G)(3), (G)(4). Moreover, even reading the depositions in the

_____

[1] MCR 2.116(G)(3)(b) provides: "Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion are required . . . (b) when judgment is sought based on subrule (C)(10)."

light most favorable to plaintiff, we agree that the evidence does not show plaintiff held himself out to provide hi-lo services to the public. Rather, the only reasonable inference to be drawn from the evidence is that plaintiff did not hold himself out to provide hi-lo services to the public. Plaintiff made no argument and presented no evidence to the trial court that he was excluded from being an employee because he satisfied this part of § 161(1)(n). As such, plaintiff failed to meet his burden under MCR 2.116(G)(4):

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

Under MCR 2.116(G)(4), a mere possibility that plaintiff might later present evidence in support of a claim is insufficient to survive a motion for summary disposition. *Maiden*, 461 Mich at 120-121. The trial court must decide the motion for summary disposition on the evidence actually presented to the court in opposition to the motion. *Id*. at 121. In this case, the undisputed evidence presented to the trial court showed that plaintiff failed to satisfy any of the exclusionary criteria of § 161(1)(n). Thus, the trial court correctly ruled that at the time of his accident plaintiff was an employee of FMG in terms of both MCL 418.161(1)(*l*) and MCL 418.161(1)(n). Therefore, the trial court properly granted defendants summary disposition on the basis that plaintiff's exclusive remedy was under the WDCA. MCL 418.131(1).

We affirm. As the prevailing parties, defendants may tax their costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Elizabeth L. Gleicher

-9-